UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

KRAI SHEION MCAFEE                    §
                                      §
vs.                                   §        NO:  MO:20-CV-00240-DC
                                      §
MERA SMITH, BROCK FRANCO, WILL        §
PICKMAN                               §

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Before the Court are Defendants' Motion to Dismiss and Motion for Summary Judgment. [docket numbers 19 & 26, respectively]. On January 16, 2021, the Court issued an Order that the Defendants' Federal Rule of Civil Procedure 12(b)(6) Motions to Dismiss would be treated as a Motion for Summary Judgment pursuant to Rule 56 and gave both sides an opportunity to submit additional evidence in support. [docket number 20]. On February 15, 2021, Defendants filed their Notice of Summary Judgment Evidence. [docket number 26]. On March 1, 2021, Plaintiff filed a Response to Defendants' Motion for Summary Judgment. [docket number 28]. At this point, the case appeared ripe for disposition. However, after due consideration, the Court must deny without prejudice Defendants' Motion to Dismiss, converted into a Motion for Summary Judgment, along with Summary Judgment Evidence in Support. [docket numbers 19 & 26, respectively]. Defendants have simply not met their burden to prove a failure to exhaust, there appears to be a fact issue as to whether Plaintiff exhausted the procedures in place at the time of his assault, and what the actual grievance procedures were at the time of Plaintiff's assault. The Court finds that there is a genuine issue of material fact and Defendants are not entitled to judgment as a matter of law at this time.

## I.      Summary judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate in any case where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). However, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party moving for summary judgment bears the initial burden of identifying those portions of the summary judgment evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. Once the moving party has satisfied this burden, the non-moving party must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file, set forth specific facts showing a genuine issue for trial. *Id.* at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).

Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little*, 37 F.3d at 1075 (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322; *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 324 (5th Cir. 1997). "In such a situation, there can be 'no genuine issue as to any material fact' since a complete

failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may...consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.    Background facts

By way of background, Plaintiff is currently housed in the Texas Department of Criminal Justice's Tulia Unit in Tulia, Texas, but prior to that he was housed in the Midland County Detention Center when he filed suit complaining about something that occurred while housed earlier in the Ward County Jail in Monahans, Texas. According to Plaintiff, on March 26, 2019, "I was placed in harm's way by ranking officers abusing their power and officially oppressing me while subjecting me to cruel and unusual punishment the injuries occurred during altercation. Have led to psychological and emotional distress. As well as lingering minor injuries from altercation." [docket number 7 at 2] (corrections made). Plaintiff seeks $6,000,000 for "psychological and emotional" damages, as well as $3,000,000 for "medical and mental attention." [*Id.* at 3]. "The psychological

3

and mental effects from this altercation were tumultuous. I turned to drugs to deal with pain from the assault. The abuse of power the officers showed by subjecting me to assault made me highly paranoid and afraid of authority personnel, namely police and sheriffs. So the evading and drug charges stem from me evading as I was scared for my life if I entered that jail again. I felt they marked me to keep me from telling the truth about the assault at the facility during this highly sensitive time in America with the Black Lives Matter movement…I evaded due to a mental breakdown and highly paranoid state believing my life was in complete danger due to assault by the officers in jail." [*Id.* at 4].

According to Defendants, the incident in question took place on April 6, 2019, and at that time Plaintiff was seen running around his 8-man holding tank with two other individuals. [*See* docket number 26 at 44, 46–47; Affidavit of Willie Pipkin (a.k.a. Will Pickman)]. None of these three men were wearing pants or undergarments, and they were apparently playing a game they called "Grab a Dick," which involved each of them attempting to grab the private parts of one of the other individuals. [*Id.*]. Defendants allege that Plaintiff and his fellow inmates were playing this game in violation of the Ward County Inmate Rules and Regulations. [*Id.*].

Unknown authorities at the jail then made the determination to place these men into separate holding tanks. [*Id.*]. Unfortunately, when Plaintiff was placed in a new holding tank, he was attacked by two other inmates already in that tank. [*Id.*]. Defendants allege that Plaintiff was quickly removed, and the attackers were punished, but no contemporaneous reports verifying such information were supplied to the Court. [*Id.*]. More importantly, however, Defendants also allege that Plaintiff never filed a grievance regarding this incident. [*See generally* docket number 26; Exhibits]. Defendants claim that Plaintiff filed four other grievances while housed in the Ward County Jail, none of which are alleged to have raised the issue of the assault, but Defendants also failed to provide these to the Court. [*Id.*].

4

Under the *current* administrative remedies process for the Ward County Jail, administrative remedies regarding (1) violations of civil rights, (2) criminal acts, (3) unjust denial or restriction if inmate privileges, and (4) prohibits acts by facility staff, are subject to a two-stage grievance process. [*See* docket number 26 at 41; Grievance Form]. Initially, an inmate wishing to file a grievance related to any of the appropriate grounds for filing a grievance listed above, must properly fill out an electronic grievance form in the kiosk located in the inmate's holding tank. [*Id.* & 43–44; Affidavit of Frarin Valle]. Inmates may also file a grievance written on paper if the kiosk is broken or a kiosk is unavailable. [*Id.*]. In such a case, inmates are provided with paper, an envelope, and a pencil. [*Id.*]. Upon the filing of any grievance, the grievance officer will investigate the claim and respond within 15 days. [*Id.*]. If the inmate wishes to do so, the inmate may appeal the decision of the grievance officer to the sheriff by use of the kiosk. [*Id.*]. The Sheriff's decision is delivered to the inmate in writing and is final. [*Id.*]. Accordingly, a written response from the Sheriff responding to an inmate's grievance on appeal represents the exhaustion of administrative remedies. [*Id.*].

Plaintiff, in his Summary Judgment Response stated that he completed a written complaint about the incident and submitted it to Will Pickman (a.k.a. Willie Pipkin) and also completed a grievance via the kiosk. [docket number 28]. Plaintiff stated that after submitting said complaint, he was pulled out of his cellblock to speak about the incident with Will Pickman. [*Id.*]. At that meeting, Will Pickman notified Plaintiff that Defendant Mera Smith had been terminated and offered Plaintiff an opportunity to press charges against her. [*Id.*]. The investigation was then handed over to Texas Ranger Phillip Breeding, who interviewed Plaintiff about the incident in question. [*Id.*]. It was then that Plaintiff bonded out of Ward County Jail. [*Id.*].

From the Summary Judgment evidence presented by Defendants, there appeared to be an old grievance system and a new grievance system in the Ward County Jail. [*Compare* docket number 26 at 19 *with* 31–32]. It appears that the old system applied at the time of the incident in late March– early April of 2019. That system said nothing about appealing to the Sheriff. That old system also

said only legitimate grievances will be thoroughly investigated. Therefore, if they did not deem Plaintiff's grievance legitimate, no reply would be issued, his claim would not be investigated, and no reply would be provided. However, that does not mean he did not technically exhaust. And the later grievance plan upon which Defendants rely in their argument was not approved until February 13, 2020, nearly a year after the incident in question. Either way it was long after the incident itself, creating a fact issue concerning exhaustion. The summary judgment evidence simply fails to demonstrate that Plaintiff never filed a grievance regarding to the subject matter of his complaint.

Therefore, although failure to exhaust was alleged by Defendants, there does appear to be an open fact issue regarding whether Plaintiff fully exhausted his administrative remedies and what administrative remedies were actually available to him at the time of the incident.

### III.    Exhaustion

Because Plaintiff's §1983 is subject to dismissal if he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act, more is needed to make this decision. The PLRA provides that prisoners wishing to sue must first exhaust available administrative remedies before filing a lawsuit. *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) ("'exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'") (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Specifically, §1997e(a) of the PLRA states that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that

Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The Ward County Jail now apparently has a two-step procedure for grievances that allow an inmate to appeal grievances directly to the Sheriff. Defendants aver that Plaintiff neither filed initial grievances concerning the attack, nor appealed directly to the Sheriff. Plaintiff rebuts that he did file an initial complaint through the kiosk and discussed his complaint personally with Will Pickman (a.k.a. Willie Pipkin), before taking the matter to the Texas Rangers. None of the documentation supporting this information has been supplied to the Court.

Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 214–15 (2007). Strict compliance with §1997e(a) is required in this Circuit. *Days*, 322 F.3d at 866. Although a prisoner's failure to exhaust his administrative remedies "does not deprive courts of subject matter jurisdiction[,]" the exhaustion requirement is a "rule of judicial administration" which limits "access to the courts [.]" *Dillon*, 596 F.3d at 271–72 (citations omitted). Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time[.]" *Id.* at 272. It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.* Moreover, exhaustion after suit has been filed is not sufficient. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

As the *Gonzalez* Court noted:

> . . . District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case

must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

The summary judgment evidence provided by Defendants does not demonstrate that Plaintiff failed to exhaust his administrative remedies concerning the assault. Information about Plaintiff's four grievances filed during his time at the Ward County Jail were not provided to the Court, and whether any of them raise the issue of the assault is yet to be seen.

**IV.    Conclusion**

Based on the evidence before the Court, whether Plaintiff has or has not failed to fully exhaust his administrative remedies is a fact issue yet to be determined. Therefore, this Court will contemporaneously also issue a Scheduling Order concerning this case to help move this case forward, both procedurally and substantively. Defendants' Motion to Dismiss and Motion for Summary Judgment are hereby denied without prejudice. [docket numbers 19 & 26].

It is so **ORDERED**.

SIGNED this 4th day of April, 2021.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE