IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| KRAI SHEION MCAFEE | § | |
| | § | |
| v. | § | No. 7:20-cv-240-DC-RCG |
| | § | |
| MERA SMITH, BROCK FRANCO, WILL | § | |
| PICKMAN | § | |

### DEFENDANTS' FRIST AMENDED
### MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mera Smith, Brock Franco, and Willie Pipkin (Will Pickman) (together "Defendants"), defendants in the above-styled and numbered cause, filing this First Amended Motion for Summary Judgment.

## I.
## INTRODUCTION

1.      On January 5, 2021, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 19). One January 16, 20201, this Court converted the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment and requested the parties to submit summary-judgment evidence (Doc. 20). On February 15, 2021, Defendants filed a Notice of Summary Judgment Evidence (Doc. 26), and on March 1, 2021, Plaintiff filed a response to Defendants' Summary Judgment. (Doc. 28). On April 4, 2021, this Court denied Defendants' Motion for Summary Judgment without prejudice and ordered the parties to file all dispositive motions on the issue of the exhaustion of administrative remedies no later than June 25, 2021. (Doc. 30).

## II.
## SUMMARY OF MOTION

2.      In his pleadings, Plaintiff states that he has not exhausted all steps of the institutional grievance procedure, despite ample opportunity to do so. (*See* Doc. 1, ¶ 3 & Doc. 7). Because the Plaintiff has failed to exhaust his administrative remedies, the Plaintiff has also failed to state plausible claims on which relief can be granted. In other words, having failed to meet this threshold issue, Plaintiff cannot proceed to the merits of his claim. *See Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010).

3.      The Court identified two fact issues that it determined were unresolved by the evidence previously presented and therefore presented a bar to the granting of summary judgment. These fact issues are (1) what administrative remedies were available to the Plaintiff at the time of the incident and (2) did the Plaintiff exhaust these administrative remedies. In this motion the Defendants will show that the Jail's new electronic grievance procedure utilizing the kiosks and the appellate procedure to the sheriff was fully in place at the time of the incident, but written grievance forms were still accepted. However, despite the remedies available, the Plaintiff never filed a grievance.

## III.
## ARGUMENTS & AUTHORITIES

### A. Summary Judgment

4.      In the Court's Order Denying Defendants' Motion to Dismiss and Motion for Summary Judgment, the Court explained the law pertaining to summary judgment as follows:

> Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate in any case where the critical evidence is so weak or tenuous on an essential fact that it could not support

a judgment in favor of the non-movant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). However, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party moving for summary judgment bears the initial burden of identifying those portions of the summary judgment evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. Once the moving party has satisfied this burden, the non-moving party must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file, set forth specific facts showing a genuine issue for trial. *Id.* at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).

Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little*, 37 F.3d at 1075 (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322; *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 324 (5th Cir. 1997). "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may...consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

Order Denying Defendants' Motion to Dismiss and Motion for Summary Judgment. (Doc. 31). Finally, "[a]lthough the pleadings filed by *pro se* parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999) (unpublished)citing *Haines*, 404 U.S. at 520; *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir.1995)).

## B.  Exhaustion

5.      On the legal issue of exhaustion, the Court stated the following in its Order Denying Defendants' Motion to Dismiss and Motion for Summary Judgment:

> Because Plaintiff's §1983 is subject to dismissal if he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act, more is needed to make this decision. The PLRA provides that prisoners wishing to sue must first exhaust available administrative remedies before filing a lawsuit. *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) ("'exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'") (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Specifically, §1997e(a) of the PLRA states that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5thCir. 2010).
> . . . .
> Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 214–15 (2007). Strict compliance with §1997e(a) is required in this Circuit. *Days*, 322 F.3d at 866. Although a prisoner's failure to exhaust his administrative remedies "does not deprive courts of subject matter jurisdiction[,]" the exhaustion requirement is a "rule of judicial administration" which limits "access to the courts [.]" *Dillon*, 596 F.3d at 271–72 (citations omitted). Exhaustion "is a threshold issue that courts must address to determine whether litigation is

being conducted in the right forum at the right time[.]" *Id.* at 272. It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.* Moreover, exhaustion after suit has been filed is not sufficient. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

As the *Gonzalez* Court noted:

> . . . District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were notexhausted.

*Gonzalez*, 702 F.3d at 788.

Order Denying Defendants' Motion to Dismiss and Motion for Summary Judgment. (Doc. 31).

6.      Here, the Court identified two fact issues that it determined were unresolved by the evidence previously presented and therefore prevented summary judgment. These fact issues are (1) what administrative remedies were available to the Plaintiff at the time of the incident and (2) did the Plaintiff exhaust these administrative remedies. The Court may be the factfinder for disputed facts concerning exhaustion and may hold an evidentiary hearing if necessary. *See Dillon v. Rogers*, 596 F.3d at 273. Accordingly, the following summary judgement evidence shows that the Jail's new electronic grievance procedure utilizing the kiosks and the appellate procedure to the sheriff was fully in place at the time of the incident, but written grievance forms were still accepted. However, despite the remedies available, the Plaintiff never filed a grievance.

## C.  Background Facts

7.      The event complained of by Plaintiff occurred on or about April 6, 2019, not March 26, 2019. Ex. A. On this date, Plaintiff was seen running around his 8-man holding tank with two other individuals. Ex. C. None of these three men were wearing pants or undergarments, and they

were playing a game they named "Grab a Dick," which involved each of them attempting to grab the private parts of one of the other individuals. Ex. C. The Plaintiff and his fellow inmates were playing this game in violation of the Ward County Inmate Rules and Regulations. Ex. C, *see also* Ex. A.[1]

8.      Defendant Smith made the determination to place these men into separate holding tanks, which decision was approved by then assistant jail administrator, Emily Lopez. Ex. C & D. Unfortunately, when the Plaintiff was placed in a new holding tank, he was attacked by two other inmates already in that tank. Ex. C. Plaintiff was quickly removed, and the attackers punished. Ex. C. Plaintiff never filed a grievance regarding this incident. Exs. A–C.

9.      Under the administrative remedies process for the Ward County Jail, administrative remedies regarding (1) violations of civil rights, (2) criminal acts, (3) unjust denial or restriction of inmate privileges, and (4) prohibits acts by facility staff, are subject to a two-stage grievance process. Exs. A & B. Initially, an inmate wishing to file a grievance related to any of the appropriate grounds for filing a grievance listed above, must properly fill out an electronic grievance form in the kiosk located in the inmate's holding tank. Exs. A & B. Inmates may also file a grievance written on paper if the kiosk is broken or a kiosk is unavailable. Exs. A & B. In such a case, inmates are provided with paper, an envelope, and a pencil. Exs. A & B. Upon the filing of any grievance, the grievance officer will investigate the claim and respond within 15 days. Exs. A & B. If the inmate wishes to do so, the inmate may appeal the decision of the grievance officer to the sheriff by use of the kiosk. Exs. A & B. The sheriff's decision will be delivered to the inmate in writing

---

[1] At all times, the Ward County Rules and Regulations have stated that "It will be the responsibility of the inmate to make sure that they are not exposed in an indecent manner" and inciting riotous behavior, nudity, refusing to obey an order from the sheriff or any member of his staff, making excessive noise, disrupting institutional activities, interfering with a staff member in the performance of their duties, and using vulgar or obscene language or gestures to another, have always been major infractions under the rules. Ex. A, Attachment A, pages 14 & 17; *see also* Ex. A, Attachment A, pages 2 & 5. Such rules reflect legitimate penological objectives. *See Morgan v. Quarterman*, 570 F.3d 663, 666 (5th Cir. 2009).

and is final. Exs. A & B. Accordingly, a written response from the sheriff responding to an inmate's grievance on appeal represents the exhaustion of administrative remedies. Exs. A & B.

**D.  Plaintiff Failed to Exhaust His Administrative Remedies**

10.     In February or March 2019, the Ward County Jail had kiosks installed in each holding tank under a contact with City TeleCoin, Inc. Exs. D & E. All inmates were taught how to use the kiosks upon installation. Exs. D & E. The Ward County Jail still utilizes these same kiosks. Exs. D & E. The kiosks provide communication and record-keeping technology for the Ward County Jail personnel and its inmates. Exs. D & E. The kiosks provide inmates a forum for messages, commissary, facility forms, calling cards, video calls, medical messaging, and law library access. Exs. D & E. One of the facility forms provided on the kiosks for inmate use is a grievance form. Exs. D & E. Upon installation, the Ward County Jail immediately began using the kiosks and implemented the electronic grievance procedure, including the appeals process to the sheriff, well before its ultimate formal approval by the Texas Commission on Jail Standards in February 2020. Exs. A, D, & E. These new systems were fully in place at the time of the incident that is the subject matter of this lawsuit. Exs. A, D, & E. And in addition to the Jail's immediate adoption of the electronic grievance system, Jail administration continued to accept hand-written grievances upon request. Exs. A, D, & E. Prior to the electronic grievance procedure, it was the inmate's duty to request a grievance form and submit a grievance in writing. Exs. A, D, & E. After the adoption of the electronic grievance procedure, it was the inmate's responsibility to take the initiative to file a grievance, at any time, using the kiosk in each inmate's holding tank, and inmates may continue to request a paper form in the event a kiosk is not working. Exs. A, D, & E.

11.     Therefore here, the particular administrative remedies available to the Plaintiff in April 2019 are these remedies just described:

    i.   Plaintiff McAfee was entitled to file a grievance regarding (1) violations of civil rights, (2) criminal acts, (3) unjust denial or restriction of inmate privileges, and (4) prohibits acts by facility staff. Exs. A, D, & E.

    ii.  Plaintiff McAfee was required to file a grievance in writing using the kiosk, but Jail staff also accepted a handwritten grievance upon request. Exs. A, D, & E.

    iii.  Upon the filing of any grievance, the grievance officer would have been under a duty to investigate the claim and respond within 15 days, whose decision would have been appealable to the sheriff. Exs. A, D, & E.

    iv.  If a grievance has merit, any number of resolutions would be available to address the grievance, including without limitation restoration of inmate privileges and disciplinary action against facility staff up to and including termination or criminal charges as applicable. Exs. A, D, & E.

12.    The summary judgment evidence shows that the Plaintiff never filed a grievance regarding to the subject matter of his complaint to this Court, even though Plaintiff's allegations arise directly under the appropriate grounds for filing a grievance pursuant to the Ward County Jail's grievance policies. Exs. A–C. Moreover, the summary judgment evidence shows that the Plaintiff's failure to file a grievance is not the result of excusable neglect or lack of knowledge: during his time at the Ward County Jail, Plaintiff filed four grievances using the kiosk in his tank. Exs. A–C. These four grievances, attached to Exhibit D, were not filed in complaint of the allegations made the basis of this suit. Ex. D. These grievances are summarized as follows:

    i.   Grievance One, dated April 14, 2019. This grievance presents an inquiry regarding the wearing of green t-shirts or altered t-shirts. The status shows "Resolved without Appeal." Ex. D, Attachment A.

    ii.  Grievance Two, dated April 18, 2019. This grievance requests a towel and an inhaler. To be sure, the incident which occurred on April 6, 2019, is mentioned, but the grievance does not complain of Defendant Smith's alleged conspiracy to violate the Plaintiff's civil rights, Defendant Franco's alleged complicit cooperation, and Defendant Pipkin's alleged failure to supervise. Moreover, the status shows "Resolved without Appeal." Ex. D, Attachment B.

    iii.  Grievance Three, dated April 29, 2019. This grievance asks the jail administrator to put Plaintiff in his own private cell. The status shows "Resolved without Appeal." Ex. D, Attachment C.

    iv.  Grievance Four, dated September 20, 2019. This grievance involves an

incident involving a haircut. The status shows "Resolved without Appeal." Ex. D, Attachment D.

13.     To the extent that Plaintiff has alleged that there is a policy of ignoring, tampering with, or destroying, grievances at the Ward County Jail, there is no record of this claim being raised through an attempt to file a grievance. Exs. A & B. Even were this allegation to survive the exhaustion requirement, the summary judgment evidence indicates that every effort is made to assure that inmate requests to staff and inmate grievances are logged and responded to in a timely fashion. Exs. A–C. Grievances are submitted, logged, and date stamped automatically by the electronic grievance system. Exs. A & B. If a grievance is submitted on paper because of an unavailable or broken kiosk, the inmate is provided paper, an envelope, and a pencil. Exs. A & B. Grievances written on paper may be given to any correctional officer or forwarded to the grievance officer though the regular internal mail-collection system, who then logs each grievance into the official records of the Ward County Jail. Exs. A & B. All grievances, electronic or otherwise, are then reviewed by the grievance officer, who responds to the inmate in writing or takes action to resolve the complaint. Exs. A–C. If a response or resolution is not returned within the applicable time limit, the request is deemed denied, and the inmate may appeal the denial to the next stage. Exs. A & B. Because the Plaintiff did none of these things, Plaintiff has failed to exhaust his administrative remedies; his access to this Court is barred, and his claims should be denied.

**E.  Defendant Mara Smith is entitled to Qualified Immunity**

14.     When a governmental official with discretionary authority is sued for damages under Section 1983 and properly raises the defense of qualified immunity, the plaintiff bears the burden of rebutting that defense." *Johnson*, 379 F.3d at 301 (citing *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992)).

The Supreme Court has outlined a two-prong test for determining whether an official is entitled to qualified immunity: (1) 'the first inquiry must be whether a

> constitutional right would have been violated on the facts alleged,' and (2) 'if the plaintiff has satisfied this first step, the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Morgan v. Swanson*, 610 F.3d 877, 883 (5th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal citations omitted). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (stating further that "in the light of pre-existing law the unlawfulness must be apparent"). Moreover, qualified immunity should even be granted "if a reasonable official would be left uncertain of the laws' application to the facts confronting him." *McClendon v. City of Columbia*, 305 F.3d 314, 332 (5th Cir. 2002, en banc). And "[t]he defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cty.*, 245 F.3d at 457 (emphasis in original).

15.    The Plaintiff has not shown that the rights he claims were violated were clearly established under federal law or that Defendant Smith took any action which was not objectively reasonable. Plaintiff does not allege any specific action that Defendant Smith took that was unlawful in light of clearly established law, but instead relies upon conclusory statements. Plaintiff did not have a right to his horseplay, because at all times, the Ward County Rules and Regulations have stated that "It will be the responsibility of the inmate to make sure that they are not exposed in an indecent manner" and inciting riotous behavior, nudity, refusing to obey an order from the sheriff or any member of his staff, making excessive noise, disrupting institutional activities, interfering with a staff member in the performance of their duties, and using vulgar or obscene language or gestures to another, have always been major infractions under the rules. *See supra*

note 1 and accompanying text. Such rules reflect legitimate penological objectives, making

Plaintiff's movement reasonable under the circumstances. *See Morgan v. Quarterman*, 570 F.3d

663, 666 (5th Cir. 2009). Accordingly, Plaintiff's claims against Defendant Smith are barred by

qualified immunity.

### F. Defendant Brock Franco is entitled to Qualified Immunity

16.     When a governmental official with discretionary authority is sued for damages

under Section 1983 and properly raises the defense of qualified immunity, the plaintiff bears the

burden of rebutting that defense." *Johnson*, 379 F.3d at 301 (citing *Salas v. Carpenter*, 980 F.2d

299, 306 (5th Cir. 1992)).

> The Supreme Court has outlined a two-prong test for determining whether an
> official is entitled to qualified immunity: (1) 'the first inquiry must be whether a
> constitutional right would have been violated on the facts alleged,' and (2) 'if the
> plaintiff has satisfied this first step, the court must decide whether the right at issue
> was clearly established at the time of the defendant's alleged misconduct.

*Morgan v. Swanson*, 610 F.3d 877, 883 (5th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223,

232 (2009) (internal citations omitted). "Qualified immunity is applicable unless the official's

conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223,

232 (2009) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (stating further that "in the

light of pre-existing law the unlawfulness must be apparent"). Moreover, qualified immunity

should even be granted "if a reasonable official would be left uncertain of the laws' application to

the facts confronting him." *McClendon v. City of Columbia*, 305 F.3d 314, 332 (5th Cir. 2002, en

banc). And "[t]he defendant's acts are held to be objectively reasonable unless *all* reasonable

officials in the defendant's circumstances would have then known that the defendant's conduct

violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson

v. Upshur Cty.*, 245 F.3d at 457 (emphasis in original).

17.    The Plaintiff has not shown that the rights he claims were violated were clearly established under federal law or that Defendant Franco took any action which was not objectively reasonable. Plaintiff does not allege any specific action that Defendant Franco took that was unlawful in light of clearly established law, but instead relies upon conclusory statements. Plaintiff did not have a right to his horseplay, because at all times, the Ward County Rules and Regulations have stated that "It will be the responsibility of the inmate to make sure that they are not exposed in an indecent manner" and inciting riotous behavior, nudity, refusing to obey an order from the sheriff or any member of his staff, making excessive noise, disrupting institutional activities, interfering with a staff member in the performance of their duties, and using vulgar or obscene language or gestures to another, have always been major infractions under the rules. *See supra* note 1 and accompanying text. Such rules reflect legitimate penological objectives, making Plaintiff's movement reasonable under the circumstances. *See Morgan v. Quarterman*, 570 F.3d 663, 666 (5th Cir. 2009). Accordingly, Plaintiff's claims against Defendant Franco are barred by qualified immunity.

## G.  Defendant Will Pipkin is Entitled to Qualified Immunity

18.    When a governmental official with discretionary authority is sued for damages under Section 1983 and properly raises the defense of qualified immunity, the plaintiff bears the burden of rebutting that defense." *Johnson*, 379 F.3d at 301 (citing *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992)).

> The Supreme Court has outlined a two-prong test for determining whether an official is entitled to qualified immunity: (1) 'the first inquiry must be whether a constitutional right would have been violated on the facts alleged,' and (2) 'if the plaintiff has satisfied this first step, the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Morgan v. Swanson*, 610 F.3d 877, 883 (5th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223,

232 (2009) (internal citations omitted). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (stating further that "in the light of pre-existing law the unlawfulness must be apparent"). Moreover, qualified immunity should even be granted "if a reasonable official would be left uncertain of the laws' application to the facts confronting him." *McClendon v. City of Columbia*, 305 F.3d 314, 332 (5th Cir. 2002, en banc). Finally, "Section 1983 does not create supervisory or *respondeat superior* liability. The individual officials may be liable only for implementing a policy that is 'itself [] a repudiation of constitutional rights' and 'the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). And "[t]he defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cty.*, 245 F.3d at 457 (emphasis in original).

19.    The Plaintiff has not shown that the rights he claims were violated were clearly established under federal law or that Defendant Pipkin took any action which was not objectively reasonable. Plaintiff does not allege any specific action that Defendant Pipkin took that was unlawful in light of clearly established law, but instead relies upon his conclusory statement that Defendant Pipkin was the Ward County Jail Administrator. Accordingly, Plaintiff's claims against Defendant Pipkin are barred by qualified immunity.

## IV.
## SUMMARY JUDGMENT EVIDENCE

20.    In support of this motion, Defendants include the attached evidence, which is incorporated by reference into this motion. The motion for summary judgment is based on the following evidence:

    i.  Exhibit A – Affidavit of Emily Lopez, dated February 10, 2021

    ii.  Exhibit B – Affidavit of Sheriff Mitchell, dated February 11, 2021

    iii.  Exhibit C – Affidavit of Willie Pipkin, dated February 10, 2021

    iv.  Exhibit D – Affidavit of Emily Lopez, dated June 15, 2021

    v.  Exhibit E – Affidavit of Sheriff Mitchell, dated June 15, 2021

## V.
## CONCLUSION AND PRAYER

21.    WHEREFORE, PREMISES CONSIDERED, Defendants Mera Smith, Brock Franco, and Willie Pipkin (Will Pickman) pray that this Court render summary judgment in their favor and that the Plaintiff's claims be dismissed for failure to state a claim. Defendants additionally pray that this Court award the Defendants all other relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Benjamin Petty*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com
BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121
ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system. The following parties will be notified of this filing, by the method indicated:

VIA FIRST CLASS MAIL
Krai Sheion McAfee
#02334253
Tulia Transfer Facility
4000 Highway 86 West
Tulia, Texas 79088

*/s/ Benjamin Petty*
BENJAMIN PETTY

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| KRAI SHEION MCAFEE | § | |
| | § | |
| vs. | § | NO: 7:20-cv-240-DC-RCG |
| | § | |
| MERA SMITH, BROCK FRANCO, WILL | § | |
| PICKMAN | § | |

### AFFIDAVIT OF EMILY LOPEZ

STATE OF TEXAS     §
COUNTY OF WARD     §

      Before me, the undersigned notary, on this day personally appeared Emily Lopez, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1.    "My name is Emily Lopez. I am of sound mind, over the age of 18, and competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    "In March and April of 2019, I was employed as the Assistant Jail Administrator for the Ward County Jail. I am currently employed as the Jail Administrator. At the time that Krai Sheion McAfee ("Plaintiff") was incarcerated at the Ward County Jail, I worked under Willie Pipkin.

3.    "I was also one of the grievance officers for the jail during the entire time that Plaintiff was incarcerated at the Ward County Jail. I shared the responsibility of grievance officer with the Jail Administrator at the time, Willie Pipkin.

4.    "In the course of my employment and by virtue of my duties and responsibilities, either Willie Pipkin or myself saw every grievance filed by the inmates of the Ward County Jail. Plaintiff never filed a grievance regarding these events complained of in this lawsuit, despite having the opportunity to do so.

5.    "I personally reviewed other grievances filed by the Plaintiff and filed after the events made the subject matter of this lawsuit. Plaintiff knew how to file a grievance and was familiar with the grievance process and procedures.

6.    "The Ward County Jail has no policy of ignoring, interfering with, or destroying, inmate grievances, and to the best of my knowledge, no grievance filed by Plaintiff was ignored, interfered with, or destroyed.

7.    "In the course of my employment and by virtue of my duties and responsibilities, I have access to and am familiar with the manner in which the Ward County Jail's records— including without limitation inmate booking information, incident reports, and grievance records—are created and maintained. It is the regular practice of Ward County to make these kinds of records at or near the time of each act, event, condition,

opinion, or diagnosis set forth in the record; and such records are made by, or from information transmitted by, persons with personal knowledge of the matters set forth. All such records are kept in the course of the regularly conducted activities of the Ward County Jail. These records are original records or exact duplicates of the original records. They are as follows:

Attachment A:  Ward County Inmate Rules and Regulations dated 8/1/2016 and 11/25/2019.

Attachment B:  Ward County Jail Grievance Plan

Attachment C:  Plaintiff's Booking Sheet

8.     "The attached copies of the Ward County Inmate Rules and Regulations (1) dated August 1, 2016 and approved December 1, 2016 and (2) dated November 25, 2019 and approved December 3, 2019 are the Ward County Inmate Rules and Regulations in effect at the time of Plaintiff's incarceration. The inmates were updated on the rule changes and began using the kiosks for grievance filings as soon as they became available. This included the Plaintiff.

9.     "The attached copy of the Ward County Jail Grievance Plan dated February 10, 2020 and approved February 13, 2020 is identical to the Ward County Jail Grievance Plan in effect at the time of Plaintiff's incarceration. Before the kiosks were installed, inmates submitted grievances on paper according to the procedures set forth in the following paragraphs.

10.    "In the attached Plaintiff's Booking Sheet, Plaintiff acknowledges receiving a copy of the Ward County Inmate Rules and Regulations.

11.    "After a diligent search of the Ward County Jail's records, I personally reviewed every grievance submitted by the Plaintiff. The Plaintiff submitted four grievances while he was an inmate of the Ward County Jail. None of these grievances were related to the allegations made the subject matter of this lawsuit.

12.    "Under the administrative remedies process for the Ward County Jail, administrative remedies regarding (1) violations of civil rights, (2) criminal acts, (3) unjust denial or restriction if inmate privileges, and (4) prohibits acts by facility staff, are subject to a two-stage grievance process. Initially, an inmate wishing to file a grievance related to any of the appropriate grounds for filing a grievance listed above, must properly fill out an electronic grievance form in the kiosk located in the inmate's holding tank. Inmates may also file a grievance written on paper if the kiosk is broken or a kiosk is unavailable. In such a case, inmates are provided with paper, an envelope, and a pencil. Upon the filing of any grievance, I investigate the claim and respond within 15 days. If the inmate wishes to do so, the inmate may appeal my decision to the sheriff. The sheriff's decision will be delivered to the inmate in writing and is final. Accordingly, a written response from the sheriff responding to an inmate's grievance on appeal represents the exhaustion of administrative remedies.

13.    "After a diligent search of the Ward County Jail's records, the incident referenced in Plaintiff's pleadings occurred on April 6, 2019. No grievance records pertaining to the Plaintiff and the events made subject of the lawsuit were found.

14.   "The Ward County Jail has no policy of ignoring, tampering with, or destroying, inmate grievances. And after a diligent search of the Ward County Jail's records, I have found no record of the Plaintiff complaining of any such policy or any actual destruction, disregard, interference, or intentional ignorance, of a grievance. Grievances are submitted, logged, and date stamped automatically by the electronic grievance system. If a grievance is submitted on paper because of an unavailable or broken kiosk, the inmate is provided paper, an envelope, and a pencil. Grievances written on paper may be given to any correctional officer or forwarded to the grievance officer though the regular internal mail-collection system, who then logs each grievance into the official records of the Ward County Jail. All grievances, electronic or otherwise, are then reviewed by the grievance officer, who responds to the inmate in writing or takes action to resolve the complaint. If a response or resolution is not returned within the applicable time limit, the request is deemed denied, and the inmate may appeal the denial to the next stage."

EMILY LOPEZ

SWORN TO and SUBSCRIBED before me by Emily Lopez on _February 10_____, 2021.

NOTARY PUBLIC, STATE OF TEXAS

MARISSA NUNEZ
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 08/09/24
NOTARY ID 13077033-4
Notary without Bond

# Exhibit A
# Attachment A



# WARD COUNTY
# INMATE RULES AND REGULATIONS

## INSTITUTIONAL INFRACTIONS AND VIOLATIONS:

THE MAINTENANCE OF SAFETY AND ORDER IN THE WARD COUNTY JAIL DEPENDS ON FIRM, FAIR, AND CONSISTENT APPLICATION OF THE RULES AND REGULATIONS. FOR THE PURPOSE OF INMATE DISCIPLINE, VIOLATIONS OF INSTITUTION RULES AND REGULATIONS SHALL BE DIVIDED INTO CATEGORIES, MAJOR AND MINOR INFRACTIONS.

MAJOR INFRACTIONS INVOLVE VIOLATIONS OF RULES AND REGULATIONS WHICH CONSTITUTE SERIOUS OFFENSES AGAINST PERSON AND PROPERTY AND, POSE A SERIOUS THREAT TO INSTITUTIONAL ORDER AND ITS SAFETY.

AN INMATE CAUSING DAMAGE TO JAIL PROPERTY MAY HAVE THE ACTUAL COSTS INCURRED DEDUCTED FROM HIS/HER COMMISSARY ACCOUNT, FOLLOWING AN INSTITUTIONAL DUE PROCESS HEARING ESTABLISHING THE INMATE'S LIABILITY.

REV. REQ. APPROVED
DATE: 12 01 16
BY:

## MAJOR INFRACTIONS

A1.   ACTS CLASSIFIED AS OFFENSES UNDER STATE LAW
A2.   ACTS CLASSIFIED AS OFFENSES UNDER FEDERAL LAW
A3.   INCITING RIOTOUS BEHAVIOR
A4.   FIGHTING WITH ANY PERSON
A5.   THREATENING OF ANY PERSON
A6.   SETTING OF FIRES
A7.   NUDITY
A8.   POSSESSION OF STOLEN PROPERTY
A9.   IMPEDING OF INMATE HEADCOUNT
A10.  FALSELY REPORTING AN EMERGENCY
A11.  TAMPERING WITH ANY LOCKING DEVICE
A12.  REFUSING TO OBEY AN ORDER FROM THE SHERIFF OR ANY MEMBER OF HIS STAFF
A13.  POSSESSION OF ANY TATTOO PARAPHERNALIA /MANUFACTURING TATTOOS
A14.  POSSESSION OF ALTERED ITEMS
A15.  POSSESSION OF MANUFACTURED WEAPONS
A16.  POSSESSION OF MANUFACTURED ESCAPE DEVICES
A17.  POSSESSION OF DISTILLING OR BREWING OF ANY ALCOHOLIC BEVERAGES
A18.  POSSESSION OF OR MANUFACTURING OF INHALANTS
A19.  POSSESSION OF OR MANUFACTURING OF CHEMICAL AGENTS
A20.  POSSESSION OF OR MANUFACTURING OF UNAUTHORIZED DRUGS OR MEDICATIONS
A21.  POSSESSION OF OR MANUFACTURING OF NARCOTICS/NARCOTIC PARAPHERNALIA
A22.  POSSESSION OF ANY TOBACCO PRODUCTS
A23.  HOARDING MEDICATIONS / OVER THE COUNTER MEDICATIONS (MORE THAN 8 TYLENOL OR
        IBUPROFEN)
A24.  FAKING INJURY OR ILLNESS
A25.  EXCESSIVE NOISE MADE BY INDIVIDUAL ON CELL BLOCK
A26.  INTERFERING WITH COURT PROCEEDINGS
A27.  INTERFERING WITH ANY COMMUNICATIONS DEVICE
A28.  DISRUPTING ANY INSTITUTIONAL ACTIVITY
A29.  VIOLATION OF FEEDING PROCEDURES
A30.  VIOLATION OF MAIL PROCEDURES
A31.  VIOLATION OF VISITATION PROCEDURES
A32.  VIOLATION OF RECREATION PROCEDURES
A33.  VIOLATION OF COMMISSARY PROCEDURES
A34.  DESTRUCTION OF COUNTY PROPERTY
A35.  INTERFERE WITH STAFF MEMBER IN THE PERFORMANCE OF THEIR DUTIES
A36.  GIVE OR OFFER ANY OFFICER, STAFF MEMBER, OR OFFICIAL A BRIBE OR ANYTHING OF
        VALUE
A37.  DESTRUCTION OF OR ALTERING CLOTHING ISSUED BY THE FACILITY
A37.  USING VULGAR OR OBSCENE LANGUAGE OR GESTURES TO ANOTHER

## MAJOR INFRACTION SANCTIONS

A.   LOSS OF GOOD CONDUCT TIME / WORK CREDIT
B.   LOSS OF PRIVILEGES FOR A PERIOD NOT TO EXCEED THIRTY (30) DAYS
C.   REMOVAL FROM WORK DETAILS OR PROGRAMS
D.   DISCIPLINARY SEPARATION FOR A PERIOD NOT TO EXCEED THIRTY (30) DAYS
E.   RESTITUTION FOR DAMAGE TO JAIL PROPERTY

## MINOR INFRACTIONS

B1.  GAMBLING
B2.  PRESENT IN AN UNAUTHORIZED AREA
B3.  ENTERING OR EXITING AN AREA WITHOUT PERMISSION
B4.  UNAUTHORIZED USE OF EQUIPMENT
B5.  UNAUTHORIZED USE OF ITEMS IN CELL
B6.  UNAUTHORIZED ABSENCE FROM WORK OR ACTIVITY
B7.  FAILURE TO ANSWER ANY QUESTION ASKED BY AN OFFICER OR STAFF MEMBER
B8.  POSSESSION OF CONTRABAND
B9.  DEFACING PROPERTY
B10. UNAUTHORIZED PASSING OF ITEMS
B11. YELLING AT ANY PERSON
B12. DISORDERLY CELL OR BUNK AREA
B13. INADEQUATE PERSONAL HYGIENE
B14. FALSELY IDENTIFYING ONESELF
B15. USE OF INTERCOM IN AN ABUSIVE MANNER (USE OF THE INTERCOM FOR NON-EMERGENCY
     COMMUNICATION WILL CONSTITUTE ABUSE)
B16. FAILURE TO RETURN SIGNED COMMISSARY FORMS
B17. TAMPERING WITH OR ALTERING COMMISSARY FORMS
B18. FAILURE TO WEAR REGULATION CLOTHING WHILE IN THE MAIN HALL OR DAYROOM

## MINOR INFRACTION SANCTIONS

A.  COUNSELING
B   VERBAL OR WRITTEN REPRIMAND
C   LOSS OF PRIVILEGES NOT TO EXCEED FIFTEEN (15) DAYS
D   DISCIPLINARY SEPARATION FOR A PERIOD NOT TO EXCEED FIFTEEN (15) DAYS
E.  RESTITUTION FOR DAMAGE TO JAIL PROPERTY
F.  LOSS OF GOOD CONDUCT CREDIT / WORK CREDIT

## USE OF FACILITY:

CELL AREA: YOU ARE REQUIRED TO KEEP YOUR CELL AREA CLEAN AND ORDERLY. ALL
INMATES ARE REQUIRED TO KEEP LIVING AREA AND DAY ROOM CLEAN. YOU WILL NOT PLACE
PAPER ON THE BARS, BUNKS, WALLS OR LIGHT FIXTURES. ITEMS FOUND IN THE ABOVE
LOCATIONS WILL BE CONSIDERED CONTRABAND AND WILL BE CONFISCATED BY THE JAIL
PERSONNEL AND NOT REPLACED. ANY DESTRUCTION OF COUNTY ISSUED SUPPLIES OR
ARTICLES WILL CAUSE CRIMINAL AND/OR DISCIPLINARY CHARGES TO BE FILED AGAINST YOU.
PHOTOGRAPHS, DRAWINGS, OR OTHER ARTICLES FOUND ON THE WALLS WILL BE CONSIDERED
CONTRABAND AND WILL BE DISCARDED.
COUNTY PROPERTY: IF YOU DAMAGE OR DEFACE COUNTY PROPERTY (CLOTHES, WALL, ETC.)
YOU WILL PAY FOR THE DAMAGES OR YOU WILL BE FILED ON FOR CRIMINAL MISCHIEF. THIS
INCLUDES DAMAGE TO LIGHT FIXTURES, WRITING/DRAWING ON THE WALLS, BUNKS, OR OTHER
SURFACES IN THE FACILITY.

## INTERCOM:

THE INTERCOM WILL ONLY BE USED IF THERE IS AN EMERGENCY OR A PROBLEM IN THE CELL
AREA. ANY OTHER USE CONSTITUTES ABUSE AND MAY RESULT IN A DISCIPLINARY HEARING
(B15. USE OF INTERCOM IN AN ABUSIVE MANNER). SPEAK IN A NORMAL TONE AND KEEP MOUTH
APPROXIMATELY EIGHTEEN (18) INCHES FROM THE SPEAKER.
TELEVISION: THE TELEVISION IS A PRIVILEGE AND IS INTENDED FOR THE USE OF ALL INMATES
IN THE CELL BLOCK. ARGUMENTS ABOUT T.V. CHANNELS OR DESTRUCTION OF THE T.V. WILL

CAUSE THE LOSS OF THIS PRIVILEGE. THE T.V. WILL BE TURNED ON EACH MORNING ONLY AFTER THE ENTIRE CELL BLOCK HAS BEEN CLEANED AND PASSED INSPECTION. RACK-DOWN/LIGHTS OUT: SUNDAY THROUGH THURSDAY, AT 10:30 P.M.; FRIDAY, SATURDAY AND ON HOLIDAYS AT 12:00 A.M. (MIDNIGHT). IMPEDING RACK-DOWN PROCEEDINGS MAY RESULT IN A DISCIPLINARY HEARING (A35. INTERFERE WITH STAFF MEMBER IN THE PERFORMANCE OF THEIR DUTIES).

## HEAD COUNT:

HEAD COUNT IS DONE AT THE BEGINNING OF EACH SHIFT AND AS OFTEN AS DEEMED NECESSARY. YOU ARE REQUIRED TO GO TO YOUR BUNK FOR HEAD COUNT. FAILURE TO COMPLY CAN RESULT IN A DISCIPLINARY HEARING (A9. IMPEDING OF INMATE HEADCOUNT).

## PERSONAL PROPERTY:

PERSONAL PROPERTY IS CONSIDERED PROPERTY REMOVED FROM YOU AT ADMISSION INTO THIS FACILITY. ALL CLOTHING ARTICLES AND PROPERTY ON YOUR PERSON WHEN YOU WERE PLACED IN JAIL HAS BEEN TAGGED AND STORED IN A SECURED AREA. THESE SAME ARTICLES WILL BE RETURNED TO YOU UPON YOUR RELEASE. INMATES BEING RELEASED TO OTHER LAW ENFORCEMENT AGENCIES WILL SIGN A PROPERTY RELEASE FORM (AFTER INVENTORY OF PROPERTY) AND THE PROPERTY WILL BE TURNED OVER TO THE TRANSPORTING OFFICER. PERSONAL PROPERTY YOU WISH TO RELEASE FROM THE JAIL TO A FRIEND OR FAMILY MEMBER WILL BE DONE IN THE FOLLOWING MANNER. A PROPERTY RELEASE FORM WILL BE SIGNED BY THE INMATE STATING THE NAME OF THE INDIVIDUAL TO WHOM THE PROPERTY IS BEING RELEASED. THE PERSON RECEIVING THE PROPERTY MUST BE ABLE TO SHOW PROPER IDENTIFICATION AND PICTURE IDENTIFICATION CARD IS REQUIRED. INVENTORY OF THE PROPERTY WILL BE LISTED AND SIGNED FOR BY THE INDIVIDUAL RECEIVING THE PROPERTY. ALL PERSONAL PROPERTY MUST BE PICKED UP WITHIN THIRTY (30) DAYS AFTER YOU HAVE BEEN RELEASED FROM THIS FACILITY. FAILURE TO HAVE YOUR PERSONAL PROPERTY PICKED UP WITHIN THIRTY (30) DAYS WILL RESULT IN THE PROPERTY BEING DONATED TO THE SALVATION ARMY, OTHER CHARITABLE CAUSE, OR DISCARDED. THE ONLY PROPERTY YOU ARE ALLOWED WHILE INCARCERATED IN THE WARD COUNTY JAIL IS THAT WHICH IS ISSUED TO YOU BY LEGAL MEANS AND THOSE ITEMS SOLD IN COMMISSARY. IF YOU ARE SENTENCED TO TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ), YOU ARE ALLOWED TO TAKE CERTAIN ITEMS WITH YOU. BELOW IS A LIST OF THOSE ITEMS. NO EXCEPTIONS WILL BE MADE. THIS IS T.D.C.J. POLICY.

1. MONEY: ANY CHECK FROM A LAW ENFORCEMENT AGENCY WILL BE ACCEPTED. THEY WILL NOT ACCEPT PERSONAL CHECKS.
2. ALL LEGAL MATERIAL AND LEGAL BOOKS
3. ONE (1) RELIGIOUS MEDAL, CROSS, AND/OR SMALL PLAIN NECK CHAIN.
4. ONE (1) BIBLE
5. NO PERSONAL LETTERS OR CARDS WILL BE ALLOWED
6. PRESCRIPTION EYEGLASSES OR CONTACT LENS (NON-PRESCRIPTION SUNGLASSES ARE NOT ALLOWED)
7. ONE (1) WATCH
8. ONE (1) RING, WEDDING BAND

## CLOTHING ISSUED:

THE REGULATION CLOTHING THAT HAS BEEN ISSUED TO YOU IS YOUR PRESCRIBED DRESS WHILE IN JAIL. DO NOT TEAR, MARK, OR ALTER THEM IN ANY WAY. A VIOLATION OF THE RULE CAN RESULT IN CRIMINAL AND/OR DISCIPLINARY CHARGES BEING FILED AGAINST YOU AND YOU CAN BE CHARGED FOR THE COST OF THE ITEM.
ALL INMATES EXITING THEIR SLEEPING AREA (HOUSE) AND ENTERING THE DAY ROOM (T.V. & EATING AREA) IN THE CELL BLOCK ARE REQUIRED TO WEAR REGULATION CLOTHING. INMATES ARE NOT ALLOWED TO ENTER DAY ROOM UNLESS PROPERLY DRESSED,FAILURE TO BE PROPERLY DRESSED MAY RESULT IN A DISCIPLINARY HEARING (B18. FAILURE TO WEAR REGULATION CLOTHING WHILE IN THE MAIN HALL OR DAYROOM).

T-SHIRTS MUST BE IN THE SAME SHAPE AS WHEN PURCHASED. ANY ALTERATIONS OR DRAWINGS WILL CAUSE THE SHIRT TO BE CONFISCATED AS CONTRABAND AND MAY RESULT IN A DISCIPLINARY HEARING (B8. POSSESSION OF CONTRABAND). NO MUSCLE SHIRTS OR TANK TOPS ALLOWED.

IT WILL BE THE RESPONSIBILITY OF THE INMATE TO MAKE SURE THAT THEY ARE NOT EXPOSED IN AN INDECENT MANNER. INMATES EXPOSING THEMSELVES MAY BE FILED ON FOR INDECENT EXPOSURE (P.C. 21.08) AND/OR FACE DISCIPLINARY ACTION (A7. NUDITY).

## HAIRCUTS:

THE WARD COUNTY JAIL MAKES CLIPPERS AVAILABLE FOR HAIRCUTS. STANDARD MILITARY CUTS ONLY. PONYTAILS OR PATCHES OF HAIR WILL NOT BE ALLOWED IF THE HAIRCUT IS DONE IN THIS FACILITY.

## PERSONAL HYGIENE:

YOU ARE REQUIRED TO KEEP YOUR BODY CLEAN AT ALL TIMES,FAILURE TO COMPLY MAY RESULT IN A DISCIPLINARY HEARING (B13 INADEQUATE PERSONAL HYGIENE).

## RECREATION AND EXERCISE:

EACH INMATE SHALL BE ALLOWED ONE (1) HOUR OF PHYSICAL EXERCISE OR PHYSICAL RECREATION AT LEAST THREE (3) DAYS PER WEEK, OUTSIDE IF POSSIBLE. IF A VISITOR ARRIVES WHILE YOU ARE IN THE RECREATION YARD, YOU WILL BE RETURNED TO YOUR TANK FOLLOWING THE VISIT, NOT TO THE RECREATION YARD.

## FOOD AND MEALS:

YOU WILL BE GIVEN ONE (1) MEAL TRAY PER MEAL, WHEN RECEIVING THE TRAY MAKE SURE ALL FOOD ITEMS ARE PRESENT BEFORE WALKING AWAY FROM THE OFFICER. IF YOU RECEIVE YOUR TRAY AND LEAVE THE OFFICER'S PRESENCE, A REPLACEMENT WILL NOT BE GIVEN. IF YOU REFUSE YOUR MEAL TRAY, YOU WILL NOT BE FED UNTIL THE NEXT MEAL. YOU WILL NEED TO BE PRESENT TO RECEIVE YOUR TRAY. FAILURE TO BE PRESENT WILL CONSTITUTE REFUSAL.
DO NOT PUT FOOD INTO THE DAY ROOM TRASH BAG. LEAVE ANY UNEATEN FOOD ON THE TRAYS TO BE PICKED UP FOR PROPER DISPOSAL.
STORING OR SAVING FOOD FROM MEAL TRAYS WILL BE CONSIDERED A VIOLATION OF FACILITY RULES DUE TO SANITATION REASONS AND MAY RESULT IN A DISCIPLINARY HEARING (B8. POSSESSION OF CONTRABAND), ALL EXCESS FOOD FOUND IS CONSIDERED CONTRABAND. NO OUTSIDE FOOD WILL BE ALLOWED IN THE JAIL FOR ANY REASON.

## CONTRABAND:

CONTRABAND IS ANYTHING IN YOUR POSSESSION WHICH IS NOT ISSUED THROUGH PROPER CHANNELS OR SOLD BY THE WARD COUNTY JAIL. ORNAMENTS MADE OF ISSUED OR BOUGHT CLOTHING OR PAPER MAY BE CONSIDERED CONTRABAND. ARTICLES BOUGHT THROUGH COMMISSARY AND ALTERED INTO SOMETHING BESIDES ITS ORIGINAL PURPOSE MAY BE CONSIDERED CONTRABAND. ANY ITEMS FOUND IN YOUR CELL THAT ARE NOT INSIDE YOUR STORAGE TUB IS CONSIDERED CONTRABAND. CONTRABAND WILL BE CONFISCATED BY THE JAIL STAFF. THE ITEMS WILL EITHER BE HELD AS EVIDENCE AND/OR DISCARDED.

## RELIGIOUS SERVICES:

SERVICES ARE OFFERED TO ALL INMATES ON A SCHEDULED BASIS. GROUP RELIGIOUS SERVICES ARE HELD ON SUNDAYS, BETWEEN THE HOURS OF 8:00A.M. AND 4:00 P.M. (WITH A BREAK FOR LUNCH) GROUP RELIGIOUS SERVICES ARE NONDENOMINATIONAL IN CHARACTER DEPENDING UPON THE AVAILABILITY OF CLERGY. INMATES ARE NOT ALLOWED TO TAKE ANYTHING FROM, OR GIVE ANYTHING TO, THE MINISTRY UNLESS PRIOR AUTHORIZATION HAS BEEN GIVEN. IF YOU ALREADY HAVE A BIBLE YOU MAY NOT REQUEST ANOTHER ONE.

## MEDICAL SERVICES:

MEDICAL SERVICES WILL BE MADE AVAILABLE TO ALL INMATES WHILE INCARCERATED IN THIS FACILITY. THE WARD COUNTY JAIL EMPLOYS A DOCTOR TO PROVIDE HEALTH SERVICES FOR INMATES AND M.H.M.R. WILL BE UTILIZED FOR PSYCHOLOGICAL SERVICES. THERE IS A MINIMAL CHARGE TO INMATES FOR ALL MEDICAL SERVICES. A HEARING WILL BE HELD TO DETERMINE INDIGENT STATUS FOR INMATES CLAIMING THAT DESIGNATION. IF FOUND INDIGENT AFTER THE HEARING THE INMATE WILL RECEIVE MEDICAL TREATMENT AND PAYMENT WILL BE HANDLED THROUGH THE COUNTY TREASURER'S OFFICE. WHEN INMATES ARE TREATED BY OUTSIDE DOCTORS OR FACILITIES, THE INMATE WILL BE RESPONSIBLE FOR THE ENTIRE BILL. FINANCIAL ARRANGEMENTS MUST BE MADE BY THE INMATE OR THE INMATE'S FAMILY PRIOR TO THE APPOINTMENT AND MUST BE PREPAID BEFORE THE APPOINTMENT WILL BE MADE. IF ANY FAMILY MEMBER OR FRIEND IS PRESENT DURING THIS APPOINTMENT, THE OFFICER IS INSTRUCTED TO ESCORT THE INMATE BACK TO THE FACILITY DUE TO SECURITY REASONS. WHEN JAIL PERSONNEL CALLS 'MEDICATION" IT WILL BE YOUR RESPONSIBILITY TO COME FORWARD WITH A GLASS OF WATER TO RECEIVE YOUR MEDICATION. FAILURE OR REFUSAL TO COME FORWARD AND RECEIVE YOUR MEDICATION IN THE PROPER MANNER WILL RESULT IN THE DOCTOR BEING NOTIFIED AND THE DOCTOR WILL DECIDE WHETHER MEDICATION WILL BE DISCONTINUED. IN ORDER TO SEE MEDICAL PERSONNEL YOU MUST COMPLETE A MEDICAL REQUEST FORM. YOU WILL BE ABLE TO GET ONE OF THESE FROM THE JAILER ON DUTY. IF YOU HAVE BEEN PRESCRIBED MEDICATION PRIOR TO INCARCERATION AND YOU HAVE THAT MEDICATION WITH YOU AT THE TIME YOU ARE BROUGHT IN THE MEDICATION MUST BE APPROVED BY THE DOCTOR EMPLOYED BY THE WARD COUNTY JAIL BEFORE BEING GIVEN TO YOU BY JAIL PERSONNEL. NO NARCOTIC MEDICATION WILL BE ALLOWED. YOUR FAMILY MAY BRING YOUR MEDICATION, IN ITS ORIGINAL CONTAINER, WITH YOUR DOCTOR'S NAME ON THE CONTAINER. IF THE MEDICATION IS EXPIRED THE MEDICATION WILL NOT BE ALLOWED. IT WILL BE YOUR RESPONSIBILITY TO ASK FOR YOUR PERSONAL MEDICATIONS WHEN BEING RELEASED FROM THE WARD COUNTY JAIL. THESE MEDICATIONS WILL BE KEPT FOR TWO WEEKS AFTER YOUR RELEASE AND THEN PROPERLY DISPOSED OF.

FEES FOR MEDICAL/DENTAL CARE PERFORMED AT THE JAIL:

IN-HOUSE DOCTOR  $10.00
PRESCRIPTION $5.00

FEES FOR MEDICAL/DENTAL CARE PERFORMED ELSEWHERE:

PRIVATE DOCTOR          WILL ONLY ADDRESS PAIN WHEN NECESSARY
DENTIST                 WILL ONLY ADDRESS PAIN WHEN NECESSARY

## INMATE MONEY:

MONEY THAT YOU HAD WITH YOU AT THE TIME YOU WERE BOOKED INTO THE WARD COUNTY JAIL HAS BEEN DEPOSITED IN YOUR INMATE CASH ACCOUNT, EXCLUDING COINS. COINS WILL REMAIN IN YOUR PERSONAL PROPERTY. DURING YOUR STAY IN JAIL YOU WILL BE ALLOWED TO BUY COMMISSARY ITEMS AND PAY FOR SERVICES YOU RECEIVE. THE AMOUNT YOU SPEND WILL BE DEDUCTED FROM YOUR COMMISSARY ACCOUNT. WHEN YOU ARE RELEASED FROM JAIL THE BALANCE OF YOUR COMMISSARY ACCOUNT WILL BE REFUNDED TO YOU BY CHECK. NO CASH WILL BE REFUNDED. IF YOU ARE SENT DIRECTLY TO ANOTHER FACILITY, INCLUDING STATE OR FEDERAL PRISON, YOUR CHECK WILL BE GIVEN TO THE TRANSPORTATION OFFICER. MONEY CAN NOT BE RELEASED TO OR TRANSFERRED TO ANOTHER INMATE'S ACCOUNT. ONLY THE FOLLOWING WILL BE ACCEPTED FOR DEPOSIT INTO YOUR INMATE CASH ACCOUNT:

    MONEY ORDERS;
    CASH (THAT WAS ON THE INMATES PERSON WHEN ARRESTED)

MONEY ORDERS AND CASH THAT THE INMATE HAD ON HIS/HER PERSON WHEN ARRESTED WILL BE PLACED IN YOUR ACCOUNT. YOU WILL RECEIVE A RECEIPT AS SOON AS PROCESSED. IF THE DEPOSIT IS MADE BY A PERSON COMING TO THE JAIL THEY MAY REQUEST THE COPY OF THE RECEIPT FOR THEMSELVES.

## INMATE COMMISSARY:

COMMISSARY IS A PRIVILEGE OFFERED TO ALL INMATES WHO HAVE MONEY IN THEIR COMMISSARY ACCOUNT. IF YOU ARE ON COMMISSARY RESTRICTIONS DUE TO DISCIPLINARY MATTERS OR MEDICAL MATTERS, COMMISSARY WILL NOT BE AVAILABLE TO YOU. MAKE CERTAIN YOU HAVE ENOUGH MONEY IN YOUR COMMISSARY ACCOUNT TO COVER THE COST OF ALL ITEMS ORDERED.
THE COMMISSARY ORDER FORMS WILL BE PASSED OUT ON MONDAYS AND THURSDAY. THEY WILL BE PICKED UP MONDAY AND THURSDAY NIGHT.  AFTER RACK-DOWN HAVE THEM ON THE BARS. COMMISSARY IS PASSED OUT ON TUESDAY AND FRIDAY.  YOUR FAILURE TO PROPERLY COMPLETE AND/OR TURN IN YOUR FORMS ON TIME IS CONSIDERED A REFUSAL.
ANY TAMPERING OR ALTERING OF COMMISSARY FORMS OTHER THAN FILLING THEM OUT MAY RESULT IN A DISCIPLINARY HEARING (B17. TAMPERING WITH OR ALTERING COMMISSARY FORMS).
UPON RECEIVING THE ITEMS ON COMMISSARY YOU ARE REQUIRED TO SIGN THE COMMISSARY FORM TO ACKNOWLEDGE YOU RECEIVING YOUR ITEMS. FAILURE TO SIGN MAY RESULT IN A DISCIPLINARY HEARING (B16. FAILURE TO SIGN/RETURN COMMISSARY FORMS
THERE IS A FIFTY ($50.00) DOLLAR LIMIT ON EACH COMMISSARY ORDER, EXCLUDING PHONE CARDS.
IF THE COMMISSARY IS OUT OF A SPECIFIC REQUESTED ITEM AN APPROPRIATE SUBSTITUTION WILL BE MADE BY THE JAIL STAFF WHEN POSSIBLE.  IF NOT POSSIBLE A COMMISSARY I.O.U. WILL BE GIVEN.

IF YOU HAVE MONEY IN YOUR ACCOUNT YOU ARE EXPECTED TO PURCHASE YOUR HYGIENE ITEMS. IF YOU SPEND THOSE FUNDS ON ITEMS OTHER THAN NECESSARY HYGIENE ITEMS YOU WILL NOT BE CONSIDERED INDIGENT.
THOSE INMATES THAT ARE INDIGENT MUST REQUEST HYGIENE ITEMS ON THE COMMISSARY FORM.
YOU MAY REQUEST THE FOLLOWING ITEMS:

SOAP (ONCE A WEEK)
TOOTHPASTE (ONCE PER WEEK)
TOOTHBRUSH (ONCE PER WEEK)
ENVELOPES W/PAPER (THREE (3) ENVELOPES AND SIX (6) PAPERS PER WEEK)
PENCIL (ONE (1) PER WEEK)

## DISCIPLINARY PROCEDURE:

ANY OFFENSE THAT YOU COMMIT WHILE YOU ARE IN THE WARD COUNTY JAIL, WHICH IS A VIOLATION OF THE LAW OF THE STATE OF TEXAS, WILL RESULT IN ADDITIONAL CRIMINAL CHARGES FILED AGAINST YOU. THE JAIL STAFF WILL REVIEW ALL INCIDENTS AND VIOLATION OF RULES.
ALL VIOLATIONS WILL BE PRESENTED TO THE DETENTION FACILITY ADMINISTRATOR. THE INMATES WILL RECEIVE A TWENTY-FOUR (24) HOUR NOTICE OF PROPOSED DATE AND TIME OF HEARING. INMATES WILL BE NOTIFIED OF THE EVIDENCE AGAINST THEM, ALTHOUGH CONFIDENTIAL INFORMANTS MAY BE PROTECTED.
YOU WILL HAVE THE OPPORTUNITY TO WAIVE A DISCIPLINARY HEARING PROVIDED THE PROPER 24 HOUR NOTICE HAS BEEN GIVEN PRIOR TO THE SIGNING OF THE WAIVER. THE WAIVER FORM THE INMATE SIGNS SHALL INCLUDE:

1)    THE APPROPRIATE IDENTIFICATION OF CHARGES;
2)    THE ALLOWABLE SANCTIONS; AND
3)    THE SANCTIONS OFFERED BY THE WAIVER.

THE WAIVER SHALL NOT INCLUDE THE LOSS OF GOOD TIME OR RESTITUTION FOR DAMAGE TO JAIL PROPERTY AS A SANCTION.

DURING A DISCIPLINARY HEARING AN INMATE MAY:

1)    APPEAR IN PERSON TO BE HEARD;
2)    PRESENT ANY DOCUMENTARY EVIDENCE AVAILABLE, WHEN NOT HAZARDOUS TO FACILITY SAFETY.
3)    MAY SEEK AID OF ANOTHER INMATE, OF HIS CHOOSING (IF THE INMATE CHOSEN IS NOT IN ISOLATION), OR STAFF MEMBER.
4)    CALL RELEVANT WITNESSES ON HIS BEHALF, WHEN NOT HAZARDOUS TO FACILITY SAFETY OR CORRECTIONAL GOALS.

THE FOLLOWING SANCTIONS ARE AVAILABLE:

MINOR INFRACTIONS - ARE DEFINED AS VIOLATIONS OF RULES AND REGULATIONS THAT DO NOT REPRESENT SERIOUS OFFENSES AGAINST PERSONS AND DO NOT POSE A SERIOUS THREAT TO INSTITUTIONAL ORDER AND SAFETY. SANCTIONS SHALL BE LIMITED TO:

1)    COUNSELING;
2)    VERBAL OR WRITTEN REPRIMAND;
3)    LOSS OF PRIVILEGES FOR A PERIOD NOT TO EXCEED 15 DAYS; AND
4)    DISCIPLINARY SEPARATION FOR A PERIOD NOT TO EXCEED 15 DAYS.
5)    LOSS OF GOOD CONDUCT CREDIT/WORK CREDIT
6)    RESTITUTION FOR DAMAGE IN JAIL PROPERLY.

MAJOR INFRACTIONS - ARE DEFINED AS VIOLATIONS OF RULES AND REGULATIONS THAT CONSTITUTE SERIOUS OFFENSES AGAINST PERSONS AND PROPERTY AND POSE A SERIOUS THREAT TO INSTITUTIONAL ORDER AND SAFETY. SANCTIONS MAY INCLUDE:

1) LOSS OF GOOD CONDUCT CREDIT; /WORK CREDIT
2) LOSS OF PRIVILEGES FOR A PERIOD NOT TO EXCEED 30 DAYS;
3) REMOVAL FROM WORK DETAILS OR PROGRAMS;
4) DISCIPLINARY SEPARATION FOR A PERIOD NOT TO EXCEED 30 DAYS; AND
5) RESTITUTION FOR DAMAGE TO JAIL PROPERTY.

FOLLOWING THE HEARING YOU WILL RECEIVE A WRITTEN STATEMENT INDICATING THE EVIDENCE RELIED UPON AND REASONS FOR DISCIPLINARY ACTION TAKEN. YOU HAVE THE RIGHT TO APPEAL THE DECISION OF THE INMATE DISCIPLINE BOARD TO THE SHERIFF, IN WRITING WITHIN TEN (10) DAYS. THE SHERIFF'S DECISION IS FINAL.

## INMATE GRIEVANCE PROCEDURES:

YOU ARE ALLOWED TO FILE A GRIEVANCE AT ANY TIME. ASK THE CORRECTIONAL OFFICER ON DUTY FOR A GRIEVANCE FORM WHEN NEEDED. STATE YOUR GRIEVANCE GIVING APPROXIMATE TIME, DATE OR DAY, NAMES OF OFFICERS OR STAFF MEMBERS, OR INMATES INVOLVED. NAME WITNESSES, IF ANY, AND FILL OUT THE TOP PORTION OF THE FORM. YOUR NAME MUST APPEAR ON THE APPROPRIATE LINE OR A RESPONSE WILL NOT BE GIVEN. GRIEVANCES FILED BY ALL INMATES IN A CELL BLOCK MUST BE FILLED OUT INDIVIDUALLY AND SIGNED BY THE INMATE HIMSELF. ALL LEGITIMATE GRIEVANCES WILL BE THOROUGHLY INVESTIGATED, APPROPRIATE CORRECTIVE ACTION WILL BE TAKEN AND A REPLY ISSUED TO THE INMATE WITHIN FIFTEEN (15) DAYS.

### APPROPRIATE GROUNDS FOR FILING A GRIEVANCE:

1) VIOLATION OF CIVIL RIGHTS;
2) CRIMINAL ACT:
3) UNJUST DENIAL OR RESTRICTION OF INMATE PRIVILEGES; AND
4) PROHIBITED ACT BY FACILITY STAFF.

## INMATE CORRESPONDENCE:

CORRESPONDENCE MATERIAL CAN BE PURCHASED THROUGH THE JAIL COMMISSARY. WITH THE EXCEPTION OF LEGAL MAIL, MAIL SENT TO YOU WILL BE OPENED AND INSPECTED FOR CONTRABAND BY CORRECTIONAL OFFICER BEFORE YOU RECEIVE IT. ANY MAIL FOUND TO CONTAIN CONTRABAND WILL BE CONSIDERED A BREACH OF SECURITY AND FORWARDED TO THE JAIL ADMINISTRATOR.

ENVELOPES SENT TO YOU THAT ARE LARGER THAN LEGAL SIZE (8½"X14") WILL BE RETURNED TO SENDER. ALL UNAPPROVED PACKAGES WILL BE RETURNED TO SENDER. IF THE INMATE HAS LEFT THE FACILITY THE MAIL WILL BE RETURNED TO SENDER. INDIGENT INMATES WILL BE ALLOWED TO HAVE A REASONABLE AMOUNT OF ENVELOPES, PAPER, PENCILS AND STAMPS TO CORRESPOND WITH THEIR ATTORNEYS, AND THE COURTS AND SMALL ENVELOPES WITH PAPER NOT TO EXCEED THREE (3) PER WEEK FOR ALL OTHER CORRESPONDENCE. INMATES WILL REQUEST CORRESPONDENCE SUPPLIES ON COMMISSARY SHEETS ALONG WITH INDIGENT HYGIENE ITEM REQUESTED ON COMMISSARY DAYS. YOU MAY RECEIVE NO MORE THAN THREE (3) NEWSPAPERS PER DAY. ANY MATERIAL DEEMED SEXUALLY ORIENTED BY THE SHERIFF OR HIS DESIGNEES WILL NOT BE PERMITTED INTO THIS FACILITY.

STORING OR STOCKPILING OF CORRESPONDENCE IS PROHIBITED. EXCESSIVE PAPERS ARE DEEMED A FIRE HAZARD. YOU WILL BE LIMITED AS TO THE AMOUNT OF CORRESPONDENCE AND/OR READING MATERIAL ALLOWED IN YOUR POSSESSION.

CORRESPONDENCE SHOULD BE ADDRESSED AS FOLLOWS:

INMATE'S NAME
WARD COUNTY JAIL
300 EAST 4TH STREET
MONAHANS, TEXAS 79756

## TELEPHONES:

TELEPHONES ARE PLACED IN ALL CELL BLOCKS FOR THE INMATES PERSONAL USE. DESTROYING OR DAMAGING THE TELEPHONE WILL RESULT IN THIS SERVICE BEING TERMINATED AND CHARGES BEING FILED. ALL LOCAL TELEPHONE CALLS WILL BE COLLECT AND THE RECEIVING PARTY WILL BE CHARGED ON THEIR MONTHLY BILL. LONG DISTANCE CALLS ARE MADE COLLECT AND THE CHARGE WILL BE DETERMINED BY THE PHONE COMPANIES INVOLVED.
ANY UNREASONABLE USE OF THE PHONE MAY RESULT IN DISCIPLINARY ACTION.
IF YOU ARE HAVING TROUBLE GETTING THROUGH TO SPECIFIC PHONE NUMBERS:
YOUR FAMILY MAY HAVE AN "AT&T BLOCK" ON THEIR PHONE LINE. THEY MUST CONTACT 1-800-216-1513.
IF THE PROBLEM IS NOT AN "AT&T BLOCK" HAVE THEM CONTACT 1-800-984-8800.
AFTER DOING SO IF YOU ARE STILL HAVING TROUBLE REPORT IT TO A CORRECTIONAL OFFICER. WRITE DOWN THE NUMBER YOU ARE TRYING TO CALL AND THE MESSAGE YOU ARE RECEIVING ON THE PHONE.

## INMATE VISITATION:

AN INMATE VISITATION SHEET IS ATTACHED TO THE BACK OF THIS PACKET. REMOVE IT, FILL IT OUT, AND GIVE IT TO A CORRECTIONAL OFFICER. ONCE THE LIST IS TURNED IN, NO NAMES CAN BE ADDED. LIST ALL WHO WILL BE VISITING. IF A PERSON IS NOT ON THE LIST THEY WILL NOT BE ALLOWED TO VISIT. THE VISITING HOURS ARE 1:00 P.M. TO 4:00 P.M. MONDAY, WEDNESDAY AND SATURDAY, FOR COUNTY INMATES. TUESDAYS, THURSDAYS AND SATURDAYS FOR FEDERAL INMATES AND ALL CONTRACT INMATES. THIRTY (30) MINUTES TOTAL WILL BE ALLOWED FOR EACH DAY AND ONLY ONE VISIT PER DAY WILL BE ALLOWED. SATURDAY IS THE ONLY DAY CHILDREN UNDER 12 YEARS OF AGE MAY VISIT, NO EXCEPTIONS. NO CHILDREN UNDER 12 YEARS OF AGE WILL BE ALLOWED TO VISIT WITHOUT SUPERVISION
VISITORS ARE EXPECTED TO BE ABLE TO PROPERLY IDENTIFY THEMSELVES. (EXAMPLE: STATE ISSUED DRIVERS LICENSE, STATE ISSUED IDENTIFICATION CARD, SOCIAL SECURITY CARD, AND RESIDENT ALIEN CARD OR FOREIGN ISSUED CARD THAT CAN BE USED FOR IDENTIFICATION PURPOSES.)

## CONDUCT OF VISITORS:

VISITORS WILL BE DRESSED IN A PROPER MANNER AND WILL CONDUCT THEMSELVES IN AN ORDERLY MANNER. VISITORS WILL BE DENIED VISITATION IF THEY HAVE BEEN CONSUMING ALCOHOLIC BEVERAGES, OR ARE CONSIDERED TO BE IN AN INTOXICATED STATE.
VISITORS USING ABUSIVE LANGUAGE TOWARD THE JAIL STAFF OR AN INMATE WILL BE DENIED VISITATION AND BANNED FROM THE JAIL UNTIL FURTHER NOTICE.
VISITORS USING ELECTRONIC DEVICES SUCH AS CELL PHONES, TABLETS, AND COMPUTERS WILL BE DENIED VISIT AND BANNED FROM THE FACILITY UNTIL FURTHER NOTICE.

THOSE VISITORS SHOWING UP AFTER 4:00 P.M. WILL NOT BE ALLOWED TO VISIT, NO EXCEPTIONS.

# INMATE VISITATION LIST

INMATES NAME_____                    SO#_____

LIST INDIVIDUALS THAT WILL BE VISITING. IF THEY ARE TWELVE (12) YEARS OR YOUNGER
THEY MUST BE ACCOMPANIED BY A GUARDIAN AND THAT GUARDIAN MUST BE LISTED WITH
THE CHILD. ALL VISITORS MUST BE LISTED ON THE VISITATION LIST OR THEY WILL NOT BE
ALLOWED TO VISIT. IF ANY OF THE NAMED PERSONS ARE FALSELY IDENTIFIED, HE OR SHE WILL
BE BANNED FROM VISITING. GIVING FALSE OR FRAUDULENT INFORMATION IS AGAINST THE
LAW AND CHARGES MAY BE FILED AGAINST YOU.

WE WILL I.D. ALL VISITORS!                    THIS LIST MUST BE TURNED IN!

| NAME | ADDRESS | RELATIONSHIP |
|------|---------|--------------|
|      |         |              |
|      |         |              |
|      |         |              |
|      |         |              |
|      |         |              |
|      |         |              |
|      |         |              |
|      |         |              |
|      |         |              |
|      |         |              |
|      |         |              |

# WARD COUNTY
# INMATE RULES AND REGULATIONS

## INSTITUTIONAL INFRACTIONS AND VIOLATIONS:

THE MAINTENANCE OF SAFETY AND ORDER IN THE WARD COUNTY JAIL DEPENDS ON FIRM, FAIR, AND CONSISTENT APPLICATION OF THE RULES AND REGULATIONS.  FOR THE PURPOSE OF INMATE DISCIPLINE, VIOLATIONS OF INSTITUTION RULES AND REGULATIONS SHALL BE DIVIDED INTO CATEGORIES, MAJOR AND MINOR INFRACTIONS.

MAJOR INFRACTIONS INVOLVE VIOLATIONS OF RULES AND REGULATIONS WHICH CONSTITUTE SERIOUS OFFENSES AGAINST PERSON AND PROPERTY AND, POSE A SERIOUS THREAT TO INSTITUTIONAL ORDER AND ITS SAFETY.

AN INMATE CAUSING DAMAGE TO JAIL PROPERTY MAY HAVE THE ACTUAL COSTS INCURRED DEDUCTED FROM HIS/HER COMMISSARY ACCOUNT, FOLLOWING AN INSTITUTIONAL DUE PROCESS HEARING ESTABLISHING THE INMATE'S LIABILITY.

RECEIVED NOV 25 2019 TEXAS COMMISSION ON JAIL STANDARDS

REV. REQ. / APPROVED
DATE: 12.3.19
BY:

## MAJOR INFRACTIONS

A1.   ACTS CLASSIFIED AS OFFENSES UNDER STATE LAW
A2.   ACTS CLASSIFIED AS OFFENSES UNDER FEDERAL LAW
A3.   INCITING RIOTOUS BEHAVIOR
A4.   FIGHTING WITH ANY PERSON
A5.   THREATENING OF ANY PERSON
A6.   SETTING OF FIRES
A7.   NUDITY
A8.   POSSESSION OF STOLEN PROPERTY
A9.   IMPEDING OF INMATE HEADCOUNT
A10.  FALSELY REPORTING AN EMERGENCY
A11.  TAMPERING WITH ANY LOCKING DEVICE
A12.  REFUSING TO OBEY AN ORDER FROM THE SHERIFF OR ANY MEMBER OF HIS STAFF
A13.  POSSESSION OF ANY TATTOO PARAPHERNALIA
A14.  POSSESSION OF ALTERED ITEMS
A15.  POSSESSION OF MANUFACTURED WEAPONS
A16.  POSSESSION OF MANUFACTURED ESCAPE DEVICES
A17.  POSSESSION OF DISTILLING OR BREWING OF ANY ALCOHOLIC BEVERAGES
A18.  POSSESSION OF OR MANUFACTURING OF INHALANTS
A19.  POSSESSION OF OR MANUFACTURING OF CHEMICAL AGENTS
A20.  POSSESSION OF OR MANUFACTURING OF UNAUTHORIZED DRUGS OR MEDICATIONS
A21.  POSSESSION OF OR MANUFACTURING OF NARCOTICS/NARCOTIC PARAPHERNALIA
A22.  POSSESSION OF ANY TOBACCO PRODUCTS
A23.  HOARDING MEDICATIONS / OVER THE COUNTER MEDICATIONS (MORE THAN 8 TYLENOL OR IBUPROFEN)
A24.  FAKING INJURY OR ILLNESS
A25.  EXCESSIVE NOISE MADE BY INDIVIDUAL ON CELL BLOCK
A26.  INTERFERING WITH COURT PROCEEDINGS
A27.  INTERFERING WITH ANY COMMUNICATIONS DEVICE
A28.  DISRUPTING ANY INSTITUTIONAL ACTIVITY
A29.  VIOLATION OF FEEDING PROCEDURES
A30.  VIOLATION OF MAIL PROCEDURES
A31.  VIOLATION OF VISITATION PROCEDURES
A32.  VIOLATION OF RECREATION PROCEDURES
A33.  VIOLATION OF COMMISSARY PROCEDURES
A34.  DESTRUCTION OF COUNTY PROPERTY
A35.  INTERFERE WITH STAFF MEMBER IN THE PERFORMANCE OF THEIR DUTIES
A36.  GIVE OR OFFER ANY OFFICER, STAFF MEMBER, OR OFFICIAL A BRIBE OR ANYTHING OF VALUE
A37.  DESTRUCTION OF OR ALTERING CLOTHING ISSUED BY THE FACILITY
A38.  USING VULGAR OR OBSCENE LANGUAGE OR GESTURES TO ANOTHER

## MAJOR INFRACTION SANCTIONS

A.   LOSS OF GOOD CONDUCT TIME / WORK CREDIT
B.   LOSS OF PRIVILEGES FOR A PERIOD NOT TO EXCEED THIRTY (30) DAYS
C.   REMOVAL FROM WORK DETAILS OR PROGRAMS
D.   DISCIPLINARY SEPARATION FOR A PERIOD NOT TO EXCEED THIRTY (30) DAYS
E.   RESTITUTION FOR DAMAGE TO JAIL PROPERTY

## MINOR INFRACTIONS

B1.   GAMBLING
B2.   PRESENT IN AN UNAUTHORIZED AREA
B3.   ENTERING OR EXITING AN AREA WITHOUT PERMISSION
B4.   UNAUTHORIZED USE OF EQUIPMENT
B5.   UNAUTHORIZED USE OF ITEMS IN CELL
B6.   UNAUTHORIZED ABSENCE FROM WORK OR ACTIVITY
B7.   FAILURE TO ANSWER ANY QUESTION ASKED BY AN OFFICER OR STAFF MEMBER
B8.   POSSESSION OF CONTRABAND
B9.   DEFACING PROPERTY
B10.  UNAUTHORIZED PASSING OF ITEMS
B11.  YELLING AT ANY PERSON
B12.  DISORDERLY CELL OR BUNK AREA
B13.  INADEQUATE PERSONAL HYGIENE
B14.  FALSELY IDENTIFYING ONESELF
B15.  USE OF INTERCOM IN AN ABUSIVE MANNER (USE OF THE INTERCOM FOR NON-EMERGENCY
      COMMUNICATION WILL CONSTITUTE ABUSE)
B16.  FAILURE TO RETURN SIGNED COMMISSARY FORMS
B17.  MISUSE/ABUSE OF KIOSK
B18.  FAILURE TO WEAR REGULATION CLOTHING WHILE IN THE MAIN HALL OR DAYROOM

## MINOR INFRACTION SANCTIONS

A.    COUNSELING
B     VERBAL OR WRITTEN REPRIMAND
C     LOSS OF PRIVILEGES NOT TO EXCEED FIFTEEN (15) DAYS
D     DISCIPLINARY SEPARATION FOR A PERIOD NOT TO EXCEED FIFTEEN (15) DAYS
E.    RESTITUTION FOR DAMAGE TO JAIL PROPERTY
F.    LOSS OF GOOD CONDUCT CREDIT / WORK CREDIT

## USE OF FACILITY:

CELL AREA: YOU ARE REQUIRED TO KEEP YOUR CELL AREA CLEAN AND ORDERLY.  ALL
INMATES ARE REQUIRED TO KEEP LIVING AREA AND DAY ROOM CLEAN.  YOU WILL NOT PLACE
PAPER ON THE BARS, BUNKS, WALLS OR LIGHT FIXTURES.  ITEMS FOUND IN THE ABOVE
LOCATIONS WILL BE CONSIDERED CONTRABAND AND WILL BE CONFISCATED BY THE JAIL
PERSONNEL AND NOT REPLACED.  ANY DESTRUCTION OF COUNTY ISSUED SUPPLIES OR
ARTICLES WILL CAUSE CRIMINAL AND/OR DISCIPLINARY CHARGES TO BE FILED AGAINST YOU.
PHOTOGRAPHS, DRAWINGS, OR OTHER ARTICLES FOUND ON THE WALLS WILL BE CONSIDERED
CONTRABAND AND WILL BE DISCARDED.

COUNTY PROPERTY: IF YOU DAMAGE OR DEFACE COUNTY PROPERTY (CLOTHES, WALL, ETC.)
YOU WILL PAY FOR THE DAMAGES OR YOU WILL BE FILED ON FOR CRIMINAL MISCHIEF.  THIS
INCLUDES DAMAGE TO LIGHT FIXTURES, WRITING/DRAWING ON THE WALLS, BUNKS, OR OTHER
SURFACES IN THE FACILITY.

## INTERCOM:

THE INTERCOM WILL ONLY BE USED IF THERE IS AN EMERGENCY OR A PROBLEM IN THE CELL AREA. ANY OTHER USE CONSTITUTES ABUSE AND MAY RESULT IN A DISCIPLINARY HEARING (B15. USE OF INTERCOM IN AN ABUSIVE MANNER). SPEAK IN A NORMAL TONE AND KEEP MOUTH APPROXIMATELY EIGHTEEN (18) INCHES FROM THE SPEAKER.

## TELEVISION:

THE TELEVISION IS A PRIVILEGE AND IS INTENDED FOR THE USE OF ALL INMATES IN THE CELL BLOCK. ARGUMENTS ABOUT T.V. CHANNELS OR DESTRUCTION OF THE T.V. WILL CAUSE THE LOSS OF THIS PRIVILEGE. THE T.V. WILL BE TURNED ON EACH MORNING ONLY AFTER THE ENTIRE CELL BLOCK HAS BEEN CLEANED AND PASSED INSPECTION.

## RACK-DOWN/LIGHTS OUT:

SUNDAY THROUGH THURSDAY, AT 10:30 P.M.; FRIDAY, SATURDAY AND ON HOLIDAYS AT 12:00 A.M. (MIDNIGHT). IMPEDING RACK-DOWN PROCEEDINGS MAY RESULT IN A DISCIPLINARY HEARING (A35. INTERFERE WITH STAFF MEMBER IN THE PERFORMANCE OF THEIR DUTIES).

## HEAD COUNT:

HEAD COUNT IS DONE AT THE BEGINNING OF EACH SHIFT AND AS OFTEN AS DEEMED NECESSARY. YOU ARE REQUIRED TO GO TO YOUR BUNK FOR HEAD COUNT FAILURE TO COMPLY CAN RESULT IN A DISCIPLINARY HEARING (A9. IMPEDING OF INMATE HEADCOUNT).

## PERSONAL PROPERTY:

PERSONAL PROPERTY IS CONSIDERED PROPERTY REMOVED FROM YOU AT ADMISSION INTO THIS FACILITY. ALL CLOTHING ARTICLES AND PROPERTY ON YOUR PERSON WHEN YOU WERE PLACED IN JAIL HAS BEEN TAGGED AND STORED IN A SECURED AREA. THESE SAME ARTICLES WILL BE RETURNED TO YOU UPON YOUR RELEASE. INMATES BEING RELEASED TO OTHER LAW ENFORCEMENT AGENCIES WILL SIGN A PROPERTY RELEASE FORM (AFTER INVENTORY OF PROPERTY) AND THE PROPERTY WILL BE TURNED OVER TO THE TRANSPORTING OFFICER. PERSONAL PROPERTY YOU WISH TO RELEASE FROM THE JAIL TO A FRIEND OR FAMILY MEMBER WILL BE DONE IN THE FOLLOWING MANNER. A PROPERTY RELEASE FORM WILL BE SIGNED BY THE INMATE STATING THE NAME OF THE INDIVIDUAL TO WHOM THE PROPERTY IS BEING RELEASED. THE PERSON RECEIVING THE PROPERTY MUST BE ABLE TO SHOW PROPER IDENTIFICATION AND PICTURE IDENTIFICATION CARD IS REQUIRED. INVENTORY OF THE PROPERTY WILL BE LISTED AND SIGNED FOR BY THE INDIVIDUAL RECEIVING THE PROPERTY. ALL PERSONAL PROPERTY MUST BE PICKED UP WITHIN THIRTY (30) DAYS AFTER YOU HAVE BEEN RELEASED FROM THIS FACILITY. FAILURE TO HAVE YOUR PERSONAL PROPERTY PICKED UP WITHIN THIRTY (30) DAYS WILL RESULT IN THE PROPERTY BEING DONATED TO THE SALVATION ARMY, OTHER CHARITABLE CAUSE, OR DISCARDED.
THE ONLY PROPERTY YOU ARE ALLOWED WHILE INCARCERATED IN THE WARD COUNTY JAIL IS THAT WHICH IS ISSUED TO YOU BY LEGAL MEANS AND THOSE ITEMS SOLD IN COMMISSARY. IF YOU ARE SENTENCED TO TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ), YOU ARE ALLOWED TO TAKE CERTAIN ITEMS WITH YOU. BELOW IS A LIST OF THOSE ITEMS. NO EXCEPTIONS WILL BE MADE. THIS IS T.D.C.J. POLICY.

1. MONEY: ANY CHECK FROM A LAW ENFORCEMENT AGENCY WILL BE ACCEPTED. THEY WILL NOT ACCEPT PERSONAL CHECKS.
2. ALL LEGAL MATERIAL AND LEGAL BOOKS
3. ONE (1) RELIGIOUS MEDAL, CROSS, AND/OR SMALL PLAIN NECK CHAIN.
4. ONE (1) BIBLE

5. NO PERSONAL LETTERS OR CARDS WILL BE ALLOWED
6. PRESCRIPTION EYEGLASSES OR CONTACT LENS (NON-PRESCRIPTION SUNGLASSES ARE NOT ALLOWED)
7. ONE (1) WATCH
8. ONE (1) RING, WEDDING BAND

ALL PERSONAL PROPERTY MUST BE PICKED UP WITHIN THIRTY (30) DAYS AFTER YOU HAVE BEEN RELEASED FROM THIS FACILITY. FAILURE TO HAVE YOUR PERSONAL PROPERTY PICKED UP WITHIN THIRTY (30) DAYS WILL RESULT IN THE PROPERTY BEING DONATED TO THE SALVATION ARMY OR OTHER CHARITABLE CAUSE OR DISCARDED.

## CLOTHING ISSUED:

THE REGULATION CLOTHING THAT HAS BEEN ISSUED TO YOU IS YOUR PRESCRIBED DRESS WHILE IN JAIL. DO NOT TEAR, MARK, OR ALTER THEM IN ANY WAY. A VIOLATION OF THE RULE CAN RESULT IN CRIMINAL AND/OR DISCIPLINARY CHARGES BEING FILED AGAINST YOU AND YOU CAN BE CHARGED FOR THE COST OF THE ITEM.
ALL INMATES EXITING THEIR SLEEPING AREA (HOUSE) AND ENTERING THE DAY ROOM (T.V. & EATING AREA) IN THE CELL BLOCK ARE REQUIRED TO WEAR REGULATION CLOTHING. INMATES ARE NOT ALLOWED TO ENTER DAY ROOM UNLESS PROPERLY DRESSED FAILURE TO BE PROPERLY DRESSED MAY RESULT IN A DISCIPLINARY HEARING (B18. FAILURE TO WEAR REGULATION CLOTHING WHILE IN THE MAIN HALL OR DAYROOM).

T-SHIRTS MUST BE IN THE SAME SHAPE AS WHEN PURCHASED. ANY ALTERATIONS OR DRAWINGS WILL CAUSE THE SHIRT TO BE CONFISCATED AS CONTRABAND AND MAY RESULT IN A DISCIPLINARY HEARING (B8. POSSESSION OF CONTRABAND). NO MUSCLE SHIRTS OR TANK TOPS ALLOWED.

IT WILL BE THE RESPONSIBILITY OF THE INMATE TO MAKE SURE THAT THEY ARE NOT EXPOSED IN AN INDECENT MANNER. INMATES EXPOSING THEMSELVES MAY BE FILED ON FOR INDECENT EXPOSURE (P.C. 21.08) AND/OR FACE DISCIPLINARY ACTION (A7. NUDITY).

## HAIRCUTS:

THE WARD COUNTY JAIL MAKES CLIPPERS AVAILABLE FOR HAIRCUTS. STANDARD MILITARY CUTS ONLY. PONYTAILS OR PATCHES OF HAIR WILL NOT BE ALLOWED IF THE HAIRCUT IS DONE IN THIS FACILITY.

## PERSONAL HYGIENE:

YOU ARE REQUIRED TO KEEP YOUR BODY CLEAN AT ALL TIMES FAILURE TO COMPLY MAY RESULT IN A DISCIPLINARY HEARING (B13 INADEQUATE PERSONAL HYGIENE).

IT WILL BE THE RESPONSIBILITY OF THE INMATE TO MAKE SURE THAT THEY ARE NOT EXPOSED IN AN INDECENT MANNER. INMATES EXPOSING THEMSELVES MAY BE FILED ON FOR INDECENT EXPOSURE (P.C.21.08) AND/OR FACE DISCIPLINARY ACTION.

## RECREATION AND EXERCISE:

EACH INMATE SHALL BE ALLOWED ONE (1) HOUR OF PHYSICAL EXERCISE OR PHYSICAL RECREATION AT LEAST THREE (3) DAYS PER WEEK, OUTSIDE IF POSSIBLE. IF A VISITOR ARRIVES WHILE YOU ARE IN THE RECREATION YARD, YOU WILL BE RETURNED TO YOUR TANK FOLLOWING THE VISIT, NOT TO THE RECREATION YARD.

## FOOD AND MEALS:

YOU WILL BE GIVEN ONE (1) MEAL TRAY PER MEAL, WHEN RECEIVING THE TRAY MAKE SURE ALL FOOD ITEMS ARE PRESENT BEFORE WALKING AWAY FROM THE OFFICER. IF YOU RECEIVE YOUR TRAY AND LEAVE THE OFFICER'S PRESENCE, **A REPLACEMENT WILL NOT BE GIVEN**. IF YOU REFUSE YOUR MEAL TRAY, YOU WILL NOT BE FED UNTIL THE NEXT MEAL. YOU WILL NEED TO BE PRESENT TO RECEIVE YOUR TRAY. FAILURE TO BE PRESENT WILL CONSTITUTE REFUSAL.
DO NOT PUT FOOD INTO THE DAY ROOM TRASH BAG. LEAVE ANY UNEATEN FOOD ON THE TRAYS TO BE PICKED UP FOR PROPER DISPOSAL.
STORING OR SAVING FOOD FROM MEAL TRAYS WILL BE CONSIDERED A VIOLATION OF FACILITY RULES DUE TO SANITATION REASONS AND MAY RESULT IN A DISCIPLINARY HEARING (B8. POSSESSION OF CONTRABAND), ALL EXCESS FOOD FOUND IS CONSIDERED CONTRABAND.
NO OUTSIDE FOOD WILL BE ALLOWED IN THE JAIL FOR ANY REASON.

## CONTRABAND:

CONTRABAND IS ANYTHING IN YOUR POSSESSION WHICH IS NOT ISSUED THROUGH PROPER CHANNELS OR SOLD BY THE WARD COUNTY JAIL. ORNAMENTS MADE OF ISSUED OR BOUGHT CLOTHING OR PAPER MAY BE CONSIDERED CONTRABAND. ARTICLES BOUGHT THROUGH COMMISSARY AND ALTERED INTO SOMETHING BESIDES ITS ORIGINAL PURPOSE MAY BE CONSIDERED CONTRABAND. ANY ITEMS FOUND IN YOUR CELL THAT ARE NOT INSIDE YOUR STORAGE TUB IS CONSIDERED CONTRABAND. CONTRABAND WILL BE CONFISCATED BY THE JAIL STAFF. THE ITEMS WILL EITHER BE HELD AS EVIDENCE AND/OR DISCARDED.

## RELIGIOUS SERVICES:

SERVICES ARE OFFERED TO ALL INMATES ON A SCHEDULED BASIS.
GROUP RELIGIOUS SERVICES ARE HELD ON SUNDAYS, BETWEEN THE HOURS OF 8:00A.M. AND 4:00 P.M. (WITH A BREAK FOR LUNCH) GROUP RELIGIOUS SERVICES ARE NONDENOMINATIONAL IN CHARACTER DEPENDING UPON THE AVAILABILITY OF CLERGY.
INMATES ARE NOT ALLOWED TO TAKE ANYTHING FROM, OR GIVE ANYTHING TO, THE MINISTRY UNLESS PRIOR AUTHORIZATION HAS BEEN GIVEN. IF YOU ALREADY HAVE A BIBLE YOU MAY NOT REQUEST ANOTHER ONE.

## MEDICAL SERVICES:

MEDICAL SERVICES WILL BE MADE AVAILABLE TO ALL INMATES WHILE INCARCERATED IN THIS FACILITY. THE WARD COUNTY JAIL EMPLOYS A DOCTOR TO PROVIDE HEALTH SERVICES FOR INMATES AND M.H.M.R. WILL BE UTILIZED FOR PSYCHOLOGICAL SERVICES.
THERE IS A MINIMAL CHARGE TO INMATES FOR ALL MEDICAL SERVICES. A HEARING WILL BE HELD TO DETERMINE INDIGENT STATUS FOR INMATES CLAIMING THAT DESIGNATION. IF FOUND INDIGENT AFTER THE HEARING THE INMATE WILL RECEIVE MEDICAL TREATMENT AND PAYMENT WILL BE HANDLED THROUGH THE COUNTY TREASURER'S OFFICE.
WHEN INMATES ARE TREATED BY OUTSIDE DOCTORS OR FACILITIES, THE INMATE WILL BE RESPONSIBLE FOR THE ENTIRE BILL. FINANCIAL ARRANGEMENTS MUST BE MADE BY THE INMATE OR THE INMATE'S FAMILY PRIOR TO THE APPOINTMENT AND MUST BE PREPAID BEFORE THE APPOINTMENT WILL BE MADE. IF ANY FAMILY MEMBER OR FRIEND IS PRESENT DURING THIS APPOINTMENT, THE OFFICER IS INSTRUCTED TO ESCORT THE INMATE BACK TO THE FACILITY DUE TO SECURITY REASONS.

WHEN JAIL PERSONNEL CALLS 'MEDICATION" IT WILL BE YOUR RESPONSIBILITY TO COME FORWARD WITH A GLASS OF WATER TO RECEIVE YOUR MEDICATION. FAILURE OR REFUSAL TO COME FORWARD AND RECEIVE YOUR MEDICATION IN THE PROPER MANNER WILL RESULT IN

THE DOCTOR BEING NOTIFIED AND THE DOCTOR WILL DECIDE WHETHER MEDICATION WILL BE DISCONTINUED.

IN ORDER TO SEE MEDICAL PERSONNEL YOU MUST COMPLETE A MEDICAL REQUEST FORM WHICH IS LOCATED ON THE KIOSK IN YOUR TANK.
IF YOU HAVE BEEN PRESCRIBED MEDICATION PRIOR TO INCARCERATION AND YOU HAVE THAT MEDICATION WITH YOU AT THE TIME YOU ARE BROUGHT IN THE MEDICATION MUST BE APPROVED BY THE DOCTOR EMPLOYED BY THE WARD COUNTY JAIL BEFORE BEING GIVEN TO YOU BY JAIL PERSONNEL. NO NARCOTIC MEDICATION WILL BE ALLOWED. YOUR FAMILY MAY BRING YOUR MEDICATION, IN ITS ORIGINAL CONTAINER, WITH YOUR DOCTOR'S NAME ON THE CONTAINER. IF THE MEDICATION IS EXPIRED THE MEDICATION WILL NOT BE ALLOWED.
IT WILL BE YOUR RESPONSIBILITY TO ASK FOR YOUR PERSONAL MEDICATIONS WHEN BEING RELEASED FROM THE WARD COUNTY JAIL. THESE MEDICATIONS WILL BE KEPT FOR TWO WEEKS AFTER YOUR RELEASE AND THEN PROPERLY DISPOSED OF.

FEES FOR MEDICAL/DENTAL CARE PERFORMED AT THE JAIL:

IN-HOUSE DOCTOR   $10.00
PRESCRIPTION  $5.00

FEES FOR MEDICAL/DENTAL CARE PERFORMED ELSEWHERE:

PRIVATE DOCTOR            WILL ONLY ADDRESS PAIN WHEN NECESSARY
DENTIST                  WILL ONLY ADDRESS PAIN WHEN NECESSARY

## INMATE MONEY:

MONEY THAT YOU HAD WITH YOU AT THE TIME YOU WERE BOOKED INTO THE WARD COUNTY JAIL HAS BEEN DEPOSITED IN YOUR INMATE CASH ACCOUNT, EXCLUDING COINS. DURING YOUR STAY IN JAIL YOU WILL BE ALLOWED TO BUY COMMISSARY ITEMS AND PAY FOR SERVICES YOU RECEIVE. THE AMOUNT YOU SPEND WILL BE DEDUCTED FROM YOUR COMMISSARY ACCOUNT. WHEN YOU ARE RELEASED FROM JAIL THE BALANCE OF YOUR COMMISSARY ACCOUNT WILL BE REFUNDED TO YOU BY DEBIT CARD UNLESS YOU ARE TRANSFERRED TO ANOTHER FACILITY IN THAT CASE YOU WILL BE ISSUED A CHECK THAT WILL BE GIVEN TO THE TRANSPORTING OFFICER(S). NO CASH WILL BE REFUNDED. MONEY CAN NOT BE RELEASED TO OR TRANSFERRED TO ANOTHER INMATE'S ACCOUNT.

ONLY THE FOLLOWING WILL BE ACCEPTED FOR DEPOSIT INTO YOUR INMATE CASH ACCOUNT:

        CASH (THAT WAS ON THE INMATES PERSON WHEN ARRESTED)
        DEBIT OR CREDIT CARD (THAT WAS ON THE INMATES PERSON WHEN ARRESTED)
        ONLINE DEPOSIT AT CITYTELECOIN.COM

MONEY ORDERS AND CASH THAT THE INMATE HAD ON HIS/HER PERSON WHEN ARRESTED WILL BE PLACED IN YOUR ACCOUNT. YOU WILL RECEIVE A RECEIPT AS SOON AS PROCESSED.
MONEY MAY ALSO BE DEPOSITED INTO THE INMATE CASH ACCOUNT ONLINE THROUGH

CITYTELECOIN.COM

## INMATE COMMISSARY:

COMMISSARY IS A PRIVILEGE OFFERED TO ALL INMATES WHO HAVE MONEY IN THEIR COMMISSARY ACCOUNT. IF YOU ARE ON COMMISSARY RESTRICTIONS DUE TO DISCIPLINARY MATTERS OR MEDICAL MATTERS, COMMISSARY WILL NOT BE AVAILABLE TO YOU.

MAKE CERTAIN YOU HAVE ENOUGH MONEY IN YOUR COMMISSARY ACCOUNT TO COVER THE COST OF ALL ITEMS ORDERED.
THE COMMISSARY ORDER FORMS WILL BE AVAILABLE ON THE TANK KIOSK AND ALL ORDERS NEED TO BE PLACED NO LATER THAN SUNDAY AT TEN P.M. (10 P.M.) AND THE ORDERED ITEMS WILL BE DELIVERED ON THE FOLLOWING WEDNESDAY.YOUR FAILURE TO PROPERLY COMPLETE YOUR FORM ON TIME IS CONSIDERED A REFUSAL NO EXCEPTIONS.
UPON RECEIVING THE ITEMS ON COMMISSARY YOU ARE REQUIRED TO SIGN THE COMMISSARY FORM TO ACKNOWLEDGE YOU RECEIVING YOUR ITEMS.  FAILURE TO SIGN MAY RESULT IN A DISCIPLINARY HEARING (B16. FAILURE TO SIGN/RETURN COMMISSARY FORMS
THERE IS A ONE HUNDRED ($100.00) DOLLAR LIMIT ON EACH COMMISSARY ORDER, EXCLUDING PHONE CARDS.

IF YOU HAVE MONEY IN YOUR ACCOUNT YOU ARE EXPECTED TO PURCHASE YOUR HYGIENE ITEMS.  IF YOU SPEND THOSE FUNDS ON ITEMS OTHER THAN NECESSARY HYGIENE ITEMS YOU WILL NOT BE CONSIDERED INDIGENT.
THOSE INMATES THAT ARE INDIGENT MUST REQUEST HYGIENE ITEMS ON THE COMMISSARY FORM.

YOU MAY REQUEST THE FOLLOWING ITEMS:

SOAP (ONCE A WEEK)
TOOTHPASTE (ONCE PER WEEK)
TOOTHBRUSH (ONCE PER WEEK)
ENVELOPES (THREE (3)
PAPER (SIX (6) PER WEEK)
PENCIL (ONE (1) PER WEEK)

### DISCIPLINARY PROCEDURE:

ANY OFFENSE THAT YOU COMMIT WHILE YOU ARE IN THE WARD COUNTY JAIL, WHICH IS A VIOLATION OF THE LAW OF THE STATE OF TEXAS, WILL RESULT IN ADDITIONAL CRIMINAL CHARGES FILED AGAINST YOU.  THE JAIL STAFF WILL REVIEW ALL INCIDENTS AND VIOLATION OF RULES.

ALL VIOLATIONS WILL BE PRESENTED TO THE DETENTION FACILITY ADMINISTRATOR.  THE INMATES WILL RECEIVE A TWENTY-FOUR (24) HOUR NOTICE OF PROPOSED DATE AND TIME OF HEARING.  INMATES WILL BE NOTIFIED OF THE EVIDENCE AGAINST THEM, ALTHOUGH CONFIDENTIAL INFORMANTS MAY BE PROTECTED.

YOU WILL HAVE THE OPPORTUNITY TO WAIVE A DISCIPLINARY HEARING PROVIDED THE PROPER 24 HOUR NOTICE HAS BEEN GIVEN PRIOR TO THE SIGNING OF THE WAIVER.  THE WAIVER FORM THE INMATE SIGNS SHALL INCLUDE:

1)    THE APPROPRIATE IDENTIFICATION OF CHARGES;
2)    THE ALLOWABLE SANCTIONS; AND
3)    THE SANCTIONS OFFERED BY THE WAIVER.

THE WAIVER SHALL NOT INCLUDE THE LOSS OF GOOD TIME OR RESTITUTION FOR DAMAGE TO JAIL PROPERTY AS A SANCTION.

DURING A DISCIPLINARY HEARING AN INMATE MAY:

1)    APPEAR IN PERSON TO BE HEARD;
2)    PRESENT ANY DOCUMENTARY EVIDENCE AVAILABLE, WHEN NOT HAZARDOUS TO FACILITY SAFETY.

3)    MAY SEEK AID OF ANOTHER INMATE, OF HIS CHOOSING (IF THE INMATE CHOSEN IS NOT IN
      ISOLATION), OR STAFF MEMBER.
4)    CALL RELEVANT WITNESSES ON HIS BEHALF, WHEN NOT HAZARDOUS TO FACILITY
      SAFETY OR CORRECTIONAL GOALS.

THE FOLLOWING SANCTIONS ARE AVAILABLE:

MINOR INFRACTIONS - ARE DEFINED AS VIOLATIONS OF RULES AND REGULATIONS THAT DO
NOT REPRESENT SERIOUS OFFENSES AGAINST PERSONS AND DO NOT POSE A SERIOUS THREAT
TO INSTITUTIONAL ORDER AND SAFETY.  SANCTIONS SHALL BE LIMITED TO:
1)    COUNSELING;
2)    VERBAL OR WRITTEN REPRIMAND;
3)    LOSS OF PRIVILEGES FOR A PERIOD NOT TO EXCEED 15 DAYS; AND
4)    DISCIPLINARY SEPARATION FOR A PERIOD NOT TO EXCEED 15 DAYS.
5)    LOSS OF GOOD CONDUCT CREDIT/WORK CREDIT
6)    RESTITUTION FOR DAMAGE TO JAIL PROPERTY.

MAJOR INFRACTIONS - ARE DEFINED AS VIOLATIONS OF RULES AND REGULATIONS THAT
CONSTITUTE SERIOUS OFFENSES AGAINST PERSONS AND PROPERTY AND POSE A SERIOUS
THREAT TO INSTITUTIONAL ORDER AND SAFETY.  SANCTIONS MAY INCLUDE:

1)    LOSS OF GOOD CONDUCT CREDIT; /WORK CREDIT
2)    LOSS OF PRIVILEGES FOR A PERIOD NOT TO EXCEED 30 DAYS;
3)    REMOVAL FROM WORK DETAILS OR PROGRAMS;
4)    DISCIPLINARY SEPARATION FOR A PERIOD NOT TO EXCEED 30 DAYS; AND
5)    RESTITUTION FOR DAMAGE TO JAIL PROPERTY.

      AN INMATE CAUSING DAMAGE TO JAIL PROPERTY MAY HAVE THE ACTUAL COST
      INCURRED DEDUCTED, FROM HIS/HER COMMISSARY ACCOUNT, FOLLOWING AN
      INSTITUTIONAL DUE PROCESS HEARING ESTABLISHING THE INMATE'S LIABILITY.

FOLLOWING THE HEARING YOU WILL RECEIVE A WRITTEN STATEMENT INDICATING THE
EVIDENCE RELIED UPON AND REASONS FOR DISCIPLINARY ACTION TAKEN.  YOU HAVE THE
RIGHT TO APPEAL THE DECISION OF THE INMATE DISCIPLINE BOARD TO THE SHERIFF, IN
WRITING WITHIN TEN (10) DAYS.  THE SHERIFF'S DECISION IS FINAL.

## INMATE GRIEVANCE PROCEDURES:

YOU ARE ALLOWED TO FILE A GRIEVANCE AT ANY TIME.  THE PROPER GRIEVANCE FORM CAN
BE LOCATED IN THE KIOSK IN YOUR TANK.  IF THE KIOSK IS UNAVAILABLE ASK THE
CORRECTIONAL OFFICER(S) ON DUTY FOR A GRIEVANCE FORM WHEN NEEDED.  STATE YOUR
GRIEVANCE GIVING APPROXIMATE TIME, DATE OR DAY, NAMES OF OFFICERS OR STAFF
MEMBERS, OR INMATES INVOLVED.
NAME WITNESSES, IF ANY, AND FILL OUT THE TOP PORTION OF THE FORM.  YOUR NAME MUST
APPEAR ON THE APPROPRIATE LINE OR A RESPONSE WILL NOT BE GIVEN.  GRIEVANCES FILED
BY ALL INMATES IN A CELL BLOCK MUST BE FILLED OUT INDIVIDUALLY AND SIGNED BY THE
INMATE HIMSELF.  ALL LEGITIMATE GRIEVANCES WILL BE THOROUGHLY INVESTIGATED, WITH
AN INTERIM RESPONSE ISSUED TO THE INMATE NOT TO EXCEED FIFTEEN (15) DAYS.

APPROPRIATE GROUNDS FOR FILING A GRIEVANCE:
1)    VIOLATION OF CIVIL RIGHTS;
2)    CRIMINAL ACT:
3)    UNJUST DENIAL OR RESTRICTION OF INMATE PRIVILEGES; AND
4)    PROHIBITED ACT BY FACILITY STAFF.

YOU HAVE THE RIGHT TO APPEAL THE DECISION TO THE SHERIFF BY USE OF THE KIOSK. THE SHERIFFS DECISION IS FINAL.

## INMATE CORRESPONDENCE:

CORRESPONDENCE MATERIAL CAN BE PURCHASED THROUGH THE JAIL COMMISSARY, OR YOU MAY USE THE KIOSK PROVIDED IN YOUR TANK. THE FUNDS FOR KIOSK USE MAY BE SET UP THROUGH OUR VENDOR, CITY TELECOIN.

800-682-0707 OR CITYTELECOIN.COM

WITH THE EXCEPTION OF LEGAL MAIL, MAIL SENT TO YOU WILL BE OPENED AND INSPECTED FOR CONTRABAND BY CORRECTIONAL OFFICER BEFORE YOU RECEIVE IT. ANY MAIL FOUND TO CONTAIN CONTRABAND WILL BE CONSIDERED A BREACH OF SECURITY AND FORWARDED TO THE JAIL ADMINISTRATOR.

ENVELOPES SENT TO YOU THAT ARE LARGER THAN LEGAL SIZE (8½"X14") WILL BE RETURNED TO SENDER. ALL UNAPPROVED PACKAGES WILL BE RETURNED TO SENDER. IF THE INMATE HAS LEFT THE FACILITY THIER MAIL WILL BE RETURNED TO SENDER.
INDIGENT INMATES WILL BE ALLOWED TO HAVE A REASONABLE AMOUNT OF ENVELOPES, PAPER, PENCILS AND STAMPS TO CORRESPOND WITH THEIR ATTORNEYS, AND THE COURTS AND SMALL ENVELOPES WITH PAPER NOT TO EXCEED THREE (3) PER WEEK FOR ALL OTHER CORRESPONDENCE. INMATES MAY REQUEST CORRESPONDENCE SUPPLIES ON THE KIOSK THROUGH THE COMMISSARY SECTION ALONG WITH INDIGENT HYGIENE ITEM REQUESTED ON COMMISSARY DAYS.
YOU MAY RECEIVE NO MORE THAN THREE (3) NEWSPAPERS PER DAY.
ANY MATERIAL DEEMED SEXUALLY ORIENTED BY THE SHERIFF OR HIS DESIGNEES WILL NOT BE PERMITTED INTO THIS FACILITY.

STORING OR STOCKPILING OF CORRESPONDENCE IS PROHIBITED. EXCESSIVE PAPERS ARE DEEMED A FIRE HAZARD. YOU WILL BE LIMITED AS TO THE AMOUNT OF CORRESPONDENCE AND/OR READING MATERIAL ALLOWED IN YOUR POSSESSION.

CORRESPONDENCE SHOULD BE ADDRESSED AS FOLLOWS:

INMATE'S NAME
WARD COUNTY JAIL
300 EAST 4TH STREET
MONAHANS, TEXAS 79756

## TELEPHONES:

TELEPHONES AND KIOSKS ARE PLACED IN ALL CELL BLOCKS FOR THE INMATES PERSONAL USE. DESTROYING OR DAMAGING THE TELEPHONE OR KIOSK WILL RESULT IN THIS SERVICE BEING TERMINATED AND CHARGES BEING FILED. ALL LOCAL TELEPHONE OR VIDEO CALLS WILL BE COLLECT AND THE RECEIVING PARTY WILL BE CHARGED ON THEIR MONTHLY BILL. LONG DISTANCE CALLS ARE MADE COLLECT AND THE CHARGE WILL BE DETERMINED BY THE PHONE COMPANIES INVOLVED.

ANY UNREASONABLE USE OF THE PHONE MAY RESULT IN DISCIPLINARY ACTION.
IF YOU ARE HAVING TROUBLE GETTING THROUGH TO SPECIFIC PHONE NUMBERS:
YOUR FAMILY MAY HAVE AN "AT&T BLOCK" ON THEIR PHONE LINE. THEY MUST CONTACT 1-800-216-1513.

IF THE PROBLEM IS NOT AN "AT&T BLOCK" HAVE THEM CONTACT 1-800-984-8800.

AFTER DOING SO IF YOU ARE STILL HAVING TROUBLE REPORT IT TO A CORRECTIONAL OFFICER.
WRITE DOWN THE NUMBER YOU ARE TRYING TO CALL AND THE MESSAGE YOU ARE RECEIVING
ON THE PHONE.

## INMATE VISITATION:

AN INMATE VISITATION SHEET WILL BE PROVIDED FOR YOU WHEN DRESSED OUT AND MOVED
INTO POPULATION. FILL IT OUT, AND GIVE IT TO A CORRECTIONAL OFFICER. ONCE THE LIST IS
TURNED IN, NO NAMES CAN BE ADDED. LIST ALL WHO WILL BE VISITING. IF A PERSON IS NOT
ON THE LIST THEY WILL NOT BE ALLOWED TO VISIT. THE VISITING HOURS ARE 1:00 P.M. TO 4:00
P.M. MONDAY, WEDNESDAY AND SATURDAY, FOR COUNTY INMATES. TUESDAYS, THURSDAYS
AND SATURDAYS FOR FEDERAL INMATES AND ALL CONTRACT INMATES. THIRTY (30) MINUTES
TOTAL WILL BE ALLOWED FOR EACH DAY AND ONLY ONE VISIT PER DAY WILL BE ALLOWED.
SATURDAY IS THE ONLY DAY CHILDREN UNDER 12 YEARS OF AGE MAY VISIT, NO EXCEPTIONS.
NO CHILDREN UNDER 12 YEARS OF AGE WILL BE ALLOWED TO VISIT WITHOUT SUPERVISION
VISITORS ARE EXPECTED TO BE ABLE TO PROPERLY IDENTIFY THEMSELVES. (EXAMPLE: STATE
ISSUED DRIVERS LICENSE, STATE ISSUED IDENTIFICATION CARD, SOCIAL SECURITY CARD, AND
RESIDENT ALIEN CARD OR FOREIGN ISSUED CARD THAT CAN BE USED FOR IDENTIFICATION
PURPOSES.)

## CONDUCT OF VISITORS:

VISITORS WILL BE DRESSED IN A PROPER MANNER AND WILL CONDUCT THEMSELVES IN AN
ORDERLY MANNER. VISITORS WILL BE DENIED VISITATION IF THEY HAVE BEEN CONSUMING
ALCOHOLIC BEVERAGES, OR ARE CONSIDERED TO BE IN AN INTOXICATED STATE.
VISITORS USING ABUSIVE LANGUAGE TOWARD THE JAIL STAFF OR AN INMATE WILL BE DENIED
VISITATION AND BANNED FROM THE JAIL UNTIL FURTHER NOTICE.
VISITORS USING ELECTRONIC DEVICES SUCH AS CELL PHONES, TABLETS, AND COMPUTERS WILL
BE DENIED VISIT AND BANNED FROM THE FACILITY UNTIL FURTHER NOTICE.
THOSE VISITORS SHOWING UP AFTER 4:00 P.M. WILL NOT BE ALLOWED TO VISIT, NO
EXCEPTIONS.

# Exhibit A
# Attachment B

# GRIEVANCE PLAN

RECEIVED
FEB 10 2020
TEXAS COMMISSION
ON JAIL STANDARDS

1.    OBJECTIVE

THE OBJECTIVE OF THE INMATE GRIEVANCE PLAN IS TO PROVIDE ADMINISTRATIVE MEANS FOR THE EXPRESSION AND RESOLUTION OF GRIEVANCES. THIS SUPPLEMENTS, BUT DOES NOT REPLACE ANY FORMAL GRIEVANCE PROCEDURE.

2.    GENERAL

ALL INMATES WILL BE INFORMED OF THE AVAILABILITY OF THE GRIEVANCE PROCEDURE IN THE INMATE RULES AND REGULATIONS PROVIDED TO EACH INMATE WHEN ADMITTED TO THE FACILITY.

STAFF MEMBERS ARE ENCOURAGED TO RESOLVE GRIEVANCE COMPLAINTS THEREBY ELIMINATING THE NEED FOR THE FILING OF A FORMAL GRIEVANCE COMPLAINT

3.    PROCEDURES

IF AN INMATE WISHES TO FILE A GRIEVANCE, A GRIEVANCE FORM CAN BE LOCATED ON THE INMATE KIOSK IN THEIR ASSIGNED TANK. IF THE INMATE WHO WISHES TO FILE A GRIEVANCE IS IN SEGREGATION HE/SHE MAY GET THE GRIEVANCE FORM FROM A CORRECTIONAL OFFICER PROMPTLY FOLLOWING THE INCIDENT.  THE INMATE SHALL EITHER HAND THE GRIEVANCE SEALED IN AN UNSTAMPED ENVELOPE, TO ANY CORRECTIONAL OFFICER OR IT CAN BE FORWARDED THROUGH THE REGULAR MAIL COLLECTION SYSTEM. SUCH LETTERS SHALL BE PROMPTLY TRANSMITTED TO THE GRIEVANCE OFFICER WITHOUT INTERFERENCE.

MATERIALS SHALL BE PROVIDED TO FILE A GRIEVANCE, TO INCLUDE PAPER, ENVELOPE, AND PENCIL. THE GRIEVANCE SHALL STATE FULLY THE RIGHT OR PRIVILEGE ALLEGEDLY VIOLATED, PERSONS INVOLVED, WITNESSES, TIMES, DATES, AND ANY OTHER PERTINENT DETAILS. THE GRIEVANCE OFFICER WILL BE THE JAIL ADMINISTRATOR OR THE ASSISTANT JAIL ADMINISTRATOR.

UPON RECEIPT OF THE GRIEVANCE, THE GRIEVANCE OFFICER WILL REVIEW THE GRIEVANCE TO DETERMINE WHETHER THERE ARE LEGITIMATE GROUNDS FOR A GRIEVANCE AND IF IT IS AN EMERGENCY WHERE DELAY COULD SUBJECT THE INMATE TO PERSONAL INJURY OR OTHER DAMAGES.

REV. REQ. APPROVED
DATE: 2.13.20
BY: _____

FOLLOWING ARE GROUNDS FOR THE INITIATION OF A GRIEVANCE;

A. VIOLATION OF CIVIL RIGHTS

B. CRIMINAL ACT

C. UNJUST DENIAL OR RESTRICTION OF INMATE PRIVILEGES

D. PROHIBITED ACT BY FACILITY STAFF

SITUATIONS REQUIRING EMERGENCY ACTION WILL BE ADDRESSED IMMEDIATELY ON RECEIPT OF GRIEVANCE AND APPROPRIATE ACTION TAKEN.

UPON DETERMINING THE CATEGORY OF THE GRIEVANCE OTHER THAN EMERGENCY, THE GRIEVANCE OFFICER WILL FULLY INVESTIGATE THE GRIEVANCE ALLEGATIONS. APPROPRIATE ACTION TO ADDRESS THE GRIEVANCE WILL BE TAKEN.

A WRITTEN RESPONSE SHALL BE SUBMITTED TO THE INMATE TO INCLUDE FINDINGS AND ACTION TAKEN BY THE GRIEVANCE OFFICER WITHIN (15) FIFTEEN DAYS. IN NO CASE WILL ANY GRIEVANCE RESPONSE BE HELD LONGER THAN (60) SIXTY DAYS.

INMATES WHOSE GRIEVANCE(S) ARE SUBSTANTIATED WILL BE PROVIDED WITH MEANINGFUL RELIEF, SUCH AS REINSTATEMENT OF GOOD TIME, ADDITIONAL VISITATION OR COMMISSARY PRIVILEGES, ETC.

ANY STAFF MEMBER OR INMATE WHO SUBJECTS AN INMATE TO HARASSMENT, CURTAILMENT OF PRIVILEGES OR ANY TYPE OF PUNISHMENT BECAUSE OF GREIVANCE REPORT, OR ATTEMPTS TO PREVENT OR INTERFERE WITH REPORTING OF A GRIEVANCE, SHALL BE SUBJECT TO IMMEDIATE DISMISSAL FROM EMPLOYMENT OR DISCIPLINARY ACTION.

4.    APPEAL

IF THE DECISION MADE BY THE GRIEVANCE OFFICER IS DISPUTED BY THE INMATE, HE/SHE MAY APPEAL TO THE SHERIFF BY USE OF THE KIOSK.

PROCEDURES:

A. UPON RECEIPT OF THE APPEAL REQUEST, THE SHERIFF WILL REVIEW THE FINDINGS AND ACTIONS TAKEN BY THE GRIEVANCE OFFICER.

B. THE SHERIFF WILL NOTIFY THE INMATE(S) IN WRITING OF HIS DECISION AS SOON AS POSSIBLE, BUT NOT TO EXCEED (15) FIFTEEN DAYS.

C. THE SHERIFF'S DECISION WILL BE FINAL.

5.  RECORDS

A. RECORDS WILL BE MAINTAINED OF ALL HEARINGS, REVIEWS, AND ACTIONS TAKEN.

B. A COPY OF INMATE NOTIFICATION LETTERS WILL BE PLACED IN THE INMATE'S FILE.

C. NO INFORMATION REFERENCE *regarding* ANY GRIEVANCE PROCEEDING WILL BE RELEASED UNLESS APPROVED BY THE SHERIFF OR HIS DESIGNEES.

D. GRIEVANCE INFORMATION REGARDING INMATES AND EMPLOYEES WILL BE KEPT STRICTLY CONFIDENTIAL. IN NO CASE WILL INFORMATION BE RELEASED WITHOUT THE SPECIFIC APPROVAL OF THE SHERIFF OR HIS DESIGNEE.

# Exhibit A
# Attachment C

TANK NO. ~~FS 8002~~ 44          **Ward County Sheriff**     ARR. 2389   LOCKER NO. 04

CLASS. May          **PRISONER'S JAIL RECORD**   19.0225
                                                SO NO. 23494

| D.L. NO. ▓▓▓▓ | STATE TX | TYPE ID | | SCANNED | DATE 4-16-20 | TIME 02P | INIT NM |
|---|---|---|---|---|---|---|---|
| NAME MCAFEE,KRASHEION TARI-ARSHE | | | SOCIAL SECURITY NO. ▓▓▓▓ | | | | |
| ADDRESS ▓▓▓▓▓▓▓▓▓▓▓▓ | | | UNEMPLOYED | | | | |

| ALIAS OR NICKNAME | | SCARS OR MARKS | |
|---|---|---|---|

| DATE OF BIRTH ▓▓ | PLACE OF BIRTH TX | | ARRESTING OFFICER KINES,SGT.JEREMY-MPD 207 | | |
|---|---|---|---|---|---|
| AGE 26 | RACE BLACK | HAIR BLK | EYES BRO | SEX M | HEIGHT 511 | WEIGHT 135 | COMPLEXION DRK |

| OFFENSE EVADING ARREST DETENTION W/VEH OR WATERCRAFT F3 | BOND/FINE Bustos B12,500 |
|---|---|

| | |
|---|---|
| | |
| | |

| EMERGENCY | ATTORNEY Yes Driller [signature] |
|---|---|
| HOLD FOR | CLEARED BY MPD M.S -29 |
| HOW RELEASED owesty BDFC | DATE 5/1/19 | TIME 1456 | RELEASING OFFICER C. Dominguez |

**BOOKING #** 19-0225      **S.O. #** 23494      **NAME**  MCAFEE,KRAISHEION
TARI-ARSHE

INMATE PROPERTY BASKET NUMBER:

| Inmate Currency (Bills) | |
|---|---|
| $1 | 2 |
| $2 | |
| $5 | |
| $10 | |
| $20 | 5 |
| $50 | 1 |
| $100 | |

| Inmate Currency(Change) | |
|---|---|
| Pennies | |
| Nickels | |
| Dimes | |
| Quarters | |
| Half-dollars | |

**Inmate Checks Amount:**
**Intake Money Total:**          **152.00**

**Other Inmate Property Items**

| Property Type | Storage Type | Property Description | Receive Date | Item Released? | Item Released To |
|---|---|---|---|---|---|
| CASH | Storage Bin | $152.00 IN DISPATCH | 03/13/2019 | | |
| Clothing | Storage Bin | CAMO PANTS | 03/13/2019 | | |
| Clothing | Storage Bin | CAMO SHIRT | 03/13/2019 | | |
| Shoes | Storage Bin | BLK SOCKS | 03/13/2019 | | |
| Other | Storage Bin | BLK | 03/13/2019 | | |
| Other | Storage Bin | CELL PHONE | 03/13/2019 | | |
| Other | Storage Bin | DRAWSTRING OUT OF PANTS 2 TABS OFF OF PANTS | 03/13/2019 | | |

**Uniform Size:**
**Property Comments:** TEMP

I certify that the above is a correct list of items/money removed from my possession at the time I was placed in Jail.

I understand that Jail personnel may open and censor all my mail and packages to and from the public.

I have received a copy of the Ward County Jail rules, and will be provided with 1 mattress, 1 sheet, 1 towel, 1 set of coveralls, 1 bar of soap, 1 blanket.

**DATE 03/14/2019**

MCAFEE,KRAISHEION TARI-ARSHE

Booking Officer Signature

## WARD COUNTY SHERIFFS' OFFICE
## GRIEVANCE

1) VIOLATION OF CIVIL RIGHTS:

2) CRIMINAL ACT:

3) UNJUST DENIAL OF RESTRICTION OF INMATE PRIVELEGES:

4) PROHIBITED ACT BY FACILITY STAFF:

DATE AND TIME OF ACTION:

NATURE OR DESCRIPTION OF THE PROBLEM:

RESOLUTION:

RESOLUTION DATE:

RESOLVED BY:

EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

KRAI SHEION MCAFEE                          §
                                            §
vs.                                         §
                                            §          NO: 7:20-cv-240-DC-RCG
                                            §
MERA SMITH, BROCK FRANCO, WILL              §
PICKMAN                                     §

## AFFIDAVIT OF FRARIN VALLE

STATE OF TEXAS           §
COUNTY OF WARD           §

   Before me, the undersigned notary, on this day personally appeared Frarin Valle, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1.    "My name is Frarin Valle. I am of sound mind, over the age of 18, and competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    "In March and April of 2019, I was employed as a Patrol and Administration Lieutenant for the Ward County Jail. I am currently the Ward County Sheriff. The Ward County Sheriff's Office is responsible for the operation and administration of the Ward County Jail.

3.    "In the course of my employment and by virtue of my duties and responsibilities, I have access to and am familiar with the manner in which the Ward County Jail's records—including without limitation inmate booking information, incident reports, and grievance records—are created and maintained. It is the regular practice of Ward County to make these kinds of records at or near the time of each act, event, condition, opinion, or diagnosis set forth in the record; and such records are made by, or from information transmitted by, persons with personal knowledge of the matters set forth. All such records are kept in the course of the regularly conducted activities of the Ward County Jail.

4.    "At my direction, Ward County Jail Administrator Emily Lopez pulled all Ward County Jail records related to Plaintiff Krai Sheion McAfee's ("Plaintiff"). By virtue of my duties and responsibilities as the Ward County Sheriff, and after my own diligent review of these records, I have gained personal knowledge of the following facts:

   i.    "The Plaintiff submitted four grievances while he was an inmate of the Ward County Jail. None of these grievances were related to the allegations made the subject matter of this lawsuit.

   ii.   "Under the administrative remedies process for the Ward County Jail, administrative remedies regarding (1) violations of civil rights, (2) criminal

acts, (3) unjust denial or restriction if inmate privileges, and (4) prohibits acts by facility staff, are subject to a two-stage grievance process. Initially, an inmate wishing to file a grievance related to any of the appropriate grounds for filing a grievance listed above, must properly fill out an electronic grievance form in the kiosk located in the inmate's holding tank. Inmates may also file a grievance written on paper if the kiosk is broken or a kiosk is unavailable. In such a case, inmates are provided with paper, an envelope, and a pencil. Upon the filing of any grievance, the grievance officer investigates the claim and responds within 15 days. If the inmate wishes to do so, the inmate may appeal the grievance officer's decision to the sheriff. The sheriff's decision will be delivered to the inmate in writing and is final. Accordingly, a written response from the sheriff responding to an inmate's grievance on appeal represents the exhaustion of administrative remedies.

iii. "After a diligent search of the Ward County Jail's records, the incident referenced in Plaintiff's pleadings occurred on April 6, 2019. No grievance records pertaining to the Plaintiff and the events made subject of the lawsuit were found.

iv. "The Ward County Jail has no policy of ignoring, interfering with, or destroying, inmate grievances. And after a diligent search of the Ward County Jail's records, I have found no record of the Plaintiff complaining of any such policy or any actual destruction, disregard, interference, or intentional ignorance, of a grievance. Grievances are submitted, logged, and date stamped automatically by the electronic grievance system. If a grievance is submitted on paper because of an unavailable or broken kiosk, the inmate is provided paper, an envelope, and a pencil. Grievances written on paper may be given to any correctional officer or forwarded to the grievance officer though the regular internal mail-collection system, who then logs each grievance into the official records of the Ward County Jail. All grievances, electronic or otherwise, are then reviewed by the grievance officer, who responds to the inmate in writing or takes action to resolve the complaint. If a response or resolution is not returned within the applicable time limit, the request is deemed denied, and the inmate may appeal the denial to the next stage."

FRARIN VALLE

SWORN TO and SUBSCRIBED before me by Frarin Valle on February 11 , 2021.

NOTARY PUBLIC, STATE OF TEXAS

PAM BINGHAM
Notary Public, State of Texas
Comm. Expires 03-19-2023
Notary ID 385691-9

EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

KRAI SHEION MCAFEE                    §
                                      §
vs.                                   §           NO: 7:20-cv-240-DC-RCG
                                      §
MERA SMITH, BROCK FRANCO, WILL        §
PICKMAN                               §

### AFFIDAVIT OF WILLIE PIPKIN

**STATE OF TEXAS**        §
**COUNTY OF WARD**        §

Before me, the undersigned notary, on this day personally appeared Willie Pipkin, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1.    "My name is Willie Pipkin. I am of sound mind, over the age of 18, and competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    "In March and April of 2019, I was employed as the Jail Administrator for the Ward County Jail. I was also one of the grievance officers for the jail during the entire time that Plaintiff Krai Sheion McAfee ("Plaintiff") was incarcerated at the Ward County Jail. I shared the responsibility of grievance officer with my assistant at the time, Emily Lopez.

3.    "My name is Willie Pipkin, not "Will Pickman." I go by Will Pipkin, and the inmates of the Ward County Jail knew me as "Will."

4.    "In the course of my employment and by virtue of my duties and responsibilities, I conducted an investigation that took place after an incident wherein the Plaintiff was attacked by other inmates. The results of my investigation are summarized as follows:

      i.   On or about April 6, 2019, Plaintiff was seen running around his 8-man holding tank with two other individuals. None of these three men were wearing pants or undergarments, and they were playing a game they named "Grab a Dick," which involved each of them attempting to grab the private parts of one of the other individuals. The Plaintiff and his fellow inmates were playing this game in violation of the Ward County Inmate Rules and Regulations.

      ii.  The determination was made to place these men into separate holding tanks. Unfortunately, when the Plaintiff was placed in a new holding tank, he was attacked by two other inmates already in that tank. Plaintiff was quickly removed, and the attackers punished.

5.    "In the course of my employment and by virtue of my duties and responsibilities, either

Emily Lopez or myself saw every grievance filed by the inmates of the Ward County Jail. Plaintiff never filed a grievance regarding these events complained of in this lawsuit, despite having the opportunity to do so.

6.  "I personally reviewed other grievances filed by the Plaintiff and filed after the events made the subject matter of this lawsuit. Plaintiff knew how to file a grievance and was familiar with the grievance process and procedures."

7.  "The Ward County Jail has no policy of ignoring, interfering with, or destroying, inmate grievances, and to the best of my knowledge, no grievance filed by Plaintiff was ignored, interfered with, or destroyed."

WILLIE PIPKIN

SWORN TO and SUBSCRIBED before me by Willie Pipkin on February 10, 2021.

ERIN ALISE HENRY
Notary Public, State of Texas
Comm. Expires 06-27-2021
Notary ID 131187482

NOTARY PUBLIC, STATE OF TEXAS

# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| KRAI SHEION MCAFEE | § |
| | § |
| vs. | § |
| | § |
| MERA SMITH, BROCK FRANCO, WILL | § |
| PICKMAN | § |

NO: 7:20-cv-240-DC-RCG

### AFFIDAVIT OF EMILY LOPEZ

| | |
|---|---|
| **STATE OF TEXAS** | § |
| **COUNTY OF WARD** | § |

Before me, the undersigned notary, on this day personally appeared Emily Lopez, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Emily Lopez. I am of sound mind, over the age of 18, and competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. "In March and April of 2019, I was employed as the Assistant Jail Administrator for the Ward County Jail. I am currently employed as the Jail Administrator. At the time that Krai Sheion McAfee ("Plaintiff") was incarcerated at the Ward County Jail, I worked under Willie Pipkin.

3. "In February or March 2019, the Ward County Jail had kiosks installed in each holding tank under a contact with City TeleCoin, Inc. All inmates were taught how to use the kiosks upon installation. The Ward County Jail still utilizes these same kiosks. The kiosks provide communication and record-keeping technology for the Ward County Jail personnel and its inmates. The kiosks provide inmates a forum for messages, commissary, facility forms, calling cards, video calls, medical messaging, and law library access. One of the facility forms provided on the kiosks for inmate use is a grievance form. Upon installation, the Ward County Jail immediately began using the kiosks and implemented the electronic grievance procedure, including the appeals process to the sheriff, well before its ultimate formal approval by the Texas Commission on Jail Standards in February 2020. These new systems were fully in place at the time of the incident that is the subject matter of this lawsuit. And in addition to the Jail's immediate adoption of the electronic grievance system, Jail administration continued to accept hand-written grievances upon request. Prior to the electronic grievance procedure, it was the inmate's duty to request a grievance form and submit a grievance in writing. After the adoption of the electronic grievance procedure, it was the inmate's responsibility to take the initiative to file a grievance, at any time, using the kiosk in each inmate's holding tank, and inmates may continue to request a paper form in the event a kiosk is not working.

4.    Therefore here, the particular administrative remedies available to the Plaintiff in April 2019 are these remedies just described:

    a.    Plaintiff McAfee was entitled to file a grievance regarding (1) violations of civil rights, (2) criminal acts, (3) unjust denial or restriction of inmate privileges, and (4) prohibits acts by facility staff.

    b.    Plaintiff McAfee was required to file a grievance in writing using the kiosk, but Jail staff also accepted a handwritten grievance upon request.

    c.    Upon the filing of any grievance, the grievance officer would have been under a duty to investigate the claim and respond within 15 days, whose decision would have been appealable to the sheriff.

    d.    If a grievance has merit, any number of resolutions would be available to address the grievance, including without limitation restoration of inmate privileges and disciplinary action against facility staff up to and including termination or criminal charges as applicable.

5.    "The kiosks were operational the entire time Plaintiff was incarcerated at the Ward County Jail, and he never requested a hand-written grievance form. Plaintiff used the kiosks instead.

6.    "The event complained of by Plaintiff occurred on or about April 6, 2019. On this date, I was informed by Defendant Smith that Plaintiff was being disruptive, argumentative, and not following directions. I was told that prior to Defendant Smith coming to me, Plaintiff had been playing a game in his holding tank. The game, which involved Plaintiff and two other individuals attempting to grab the private parts of the other individuals without wearing pants or undergarments, was being played in violation of the Ward County Inmate Rules and Regulations, which specifically prohibit nudity, disobedience of jail staff, excessive noise, disruption, and vulgar or obscene gestures. Upon being informed of these events, I approved the placement of the individuals into separate holding tanks apart from each other.

7.    "After a diligent search of the Ward County Jail's records, I personally reviewed every grievance submitted by the Plaintiff. The Plaintiff submitted four grievances while he was an inmate of the Ward County Jail. None of these grievances were related to the allegations made the subject matter of this lawsuit.

8.    "In the course of my employment and by virtue of my duties and responsibilities, I have access to and am familiar with the manner in which the Ward County Jail's records— including without limitation inmate booking information, incident reports, and grievance records—are created and maintained. It is the regular practice of Ward County to make these kinds of records at or near the time of each act, event, condition, opinion, or diagnosis set forth in the record; and such records are made by, or from information transmitted by, persons with personal knowledge of the matters set forth. All such records are kept in the course of the regularly conducted activities of the Ward County Jail. These records are original records or exact duplicates of the original records. They are as follows:

        Attachment A:    Grievance filed by the Plaintiff, dated April 14, 2019.

|            |                                                                 |
|------------|-----------------------------------------------------------------|
| Attachment B: | Grievance filed by the Plaintiff, dated April 18, 2019.       |
| Attachment C: | Grievance filed by the Plaintiff, dated April 29, 2019.       |
| Attachment D: | Grievance filed by the Plaintiff, dated September 20, 2019.   |

9.    "None of the grievances filed by Plaintiff were ever left unresolved.

10.    "After a diligent search of the Ward County Jail's records, no other grievance records pertaining to the Plaintiff were found, handwritten or electronic."

EMILY LOPEZ

SWORN TO and SUBSCRIBED before me by Emily Lopez on _____June 15_____, 2021.

_Christy Peña_

NOTARY PUBLIC, STATE OF TEXAS

CHRISTY PENA
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 09/18/24
NOTARY ID 12628864-9
Notary without Bond

# Exhibit D
# Attachment A



CTC Phone Manager Version: 1.8.7.0 Thu, Jan 7th, 2021 User: LOPEZ Facility 4329431 - Ward County Tx    Home | Logout

## Search Facility Form table

# Grievance

New Message    Change State    Escalate    Search All Messages    Return To Search

Print

**Profile Photo**

### Offender Info

| | |
|---|---|
| **Inmate:** | Kraisheion Mcafee |
| **Inmate PIN:** | 23494 |
| **Submitted Date:** | 2019-04-14 17:21:12 |
| **Submitted From Location/Room:** | |
| **Current Location/Room:** | 2D |
| **Facility:** | Ward County Tx (4329431) |

### Form Info

| | |
|---|---|
| **Form:** | Grievance |
| **Form ID:** | 411 |

**Audit Photo**

### Form Info

| | |
|---|---|
| **Status:** | Resolved without Appeal **By** |
| **Escalation Level:** | 0 |
| **Offender Can Appeal:** | No |
| **Assigned To:** | |
| **Assigned Date:** | |

**Summary of Form:**

**1) Violation of Civil Rights:**
N/A

**2) Criminal Act:**
N/A

**3) Unjust Denial of Restriction of Inmate Priveleges:**
Will: just a question i have been reading the jail rules and no where dose it say we have to have green shirts on it says to be properly dressed and that any items we have that was puchased be just as we purchased them so here is the issue we are being punished for a rule that has been misinturpated it dose not sat we cant be in a t shirt it says that the t shirt cant be altered im not making an issue im just trying to get an understanding of whats going on because go look at A25 it dose not say to punish the whole tank its a major infraction for an indevidual to make excessive noise please let the officers know that no where in the rules dose it say the process of punishment is to there discretion please be just if we have to follow the rules so do they thank you, Krai'Sheion Mc'Afee

**4) Prohibited Act by Facility Staff:**
N/A

**Date and time of Action:**
N/A

**Nature or Description of the problem:**
N/A

| DATE/TIME | SENDER | TAGGED USER | IS INTERNAL | ESCALATED | MESSAGE |
|---|---|---|---|---|---|

| 2021-01-07 16:20:23 | Emily Lopez (LOPEZ) | | Internal Note | | Emily Lopez (LOPEZ) reviewed form |
|---|---|---|---|---|---|

# Exhibit D
# Attachment B



**CTC Phone Manager** Version: **1.8.7.0** Thu, Jan 7th, 2021 User: **LOPEZ Facility 4329431 - Ward County Tx**    Home | Logout

### Search Facility Form table

# Grievance

New Message | Change State | Escalate | Search All Messages | Return To Search

Print

Profile Photo



| Offender Info | |
|---|---|
| **Inmate:** | Kraisheion Mcafee |
| **Inmate PIN:** | 23494 |
| **Submitted Date:** | 2019-04-18 13:55:38 |
| **Submitted From Location/Room:** | |
| **Current Location/Room:** | 2D |
| **Facility:** | Ward County Tx (4329431) |

| Form Info | |
|---|---|
| **Form:** | Grievance |
| **Form ID:** | 411 |

Audit Photo



| Form Info | |
|---|---|
| **Status:** | Resolved without Appeal **By** |
| **Escalation Level:** | 0 |
| **Offender Can Appeal:** | No |
| **Assigned To:** | |
| **Assigned Date:** | |

**Summary of Form:**

**1) Violation of Civil Rights:**
N/A

**2) Criminal Act:**
N/A

**3) Unjust Denial of Restriction of Inmate Priveleges:**
will : why is it when i ask for some thing its no but when some one else does it gets done im done getting fucked over by you guys so now im going to take matters in my own hands your a lier you didnyt keep your word so im goin back on mine.

**4) Prohibited Act by Facility Staff:**
N/A

**Date and time of Action:**
N/A

**Nature or Description of the problem:**
N/A

| DATE/TIME | SENDER | TAGGED USER | IS INTERNAL | ESCALATED | MESSAGE |
|---|---|---|---|---|---|
| 2021-01-07 16:01:18 | Emily Lopez (LOPEZ) | | Internal Note | | Emily Lopez (LOPEZ) reviewed form |
| 2020-04-29 | Jon Thompson | | | | I've had an application submitted since |

| 21:10:29 | | | | | 4/20/20 that has not been resolved. Since that date there has been several inmates fired and rehired, proving there is an existing bias which renders the application process pointless. . . |
| --- | --- | --- | --- | --- | --- |
| 2019-04-21 20:51:28 | Kraisheion Mcafee | | | | will: heres the thing i been asking all the gaurds for a towel sense the 6th when the incedent happend in 3e ive come up with a cold and my asthma has started to give me problems i need an inhaler and i need a towel to dry my self off when i get out of the shower you told me you would take care of this i still have not gotten the hygene that was taken from me i feel like you guys are retaliating against me on behalf of the gaurd involved by forcing me to live in unclean and unsanitary conditions i am forced to use the cleaning supplies to wash my things and some times to clean my body because i have 40cents on my books i cant get indegent so now that almost a month has past i no longer wish to deal with staff you all have showed me i am being targeted i want to speak with LT. Ben and or Phillip Breeding so that i can call my family and get out of here because i fear you are going to kill me by way of chronic illness i have trouble breathing in the morning because i have caught a cold drying off with my state shirt and pants please send LT. BEN to speak with me because i can not trust your title or possision in this matter. |

# Exhibit D
# Attachment C



CTC Phone Manager Version: **1.8.7.0** Thu, Jan 7th, 2021 User: **LOPEZ** Facility 4329431 - Ward County Tx    Home | Logout

### Search Facility Form table

# Grievance    New Message | Change State | Escalate | Search All Messages | Return To Search

Print

**Profile Photo**



**Offender Info**

| | |
|---|---|
| **Inmate:** | Kraisheion Mcafee |
| **Inmate PIN:** | 23494 |
| **Submitted Date:** | 2019-04-29 21:37:46 |
| **Submitted From Location/Room:** | |
| **Current Location/Room:** | 2D |
| **Facility:** | Ward County Tx (4329431) |

**Form Info**

| | |
|---|---|
| **Form:** | Grievance |
| **Form ID:** | 411 |

**Audit Photo**



**Form Info**

| | |
|---|---|
| **Status:** | Resolved without Appeal **By** |
| **Escalation Level:** | 0 |
| **Offender Can Appeal:** | No |
| **Assigned To:** | |
| **Assigned Date:** | |

**Summary of Form:**

**1) Violation of Civil Rights:**
N/A

**2) Criminal Act:**
N/A

**3) Unjust Denial of Restriction of Inmate Priveleges:**
N/A

**4) Prohibited Act by Facility Staff:**
N/A

**Date and time of Action:**
will: i need a favor from you i know the jail is full but i need you to put me some where i can have my own cell because this 8 man shit is not workin for me im really keepin my cool but im at my limet its nasty in here and im not goin to live that way can you put me in a 4 man or a single cell? really you can put me over there with mr. warren and jermy if not then forget it ill deal with tha old school way knuckles chin bones

**Nature or Description of the problem:**
N/A

| DATE/TIME | SENDER | TAGGED USER | IS INTERNAL | ESCALATED | MESSAGE |
|---|---|---|---|---|---|
| 2021-01-07 16:21:27 | Emily Lopez (LOPEZ) | | Internal Note | | Emily Lopez (LOPEZ) reviewed form |

# Exhibit D
# Attachment D

CTC Phone Manager - Search Facility Forms

  **CTC Phone Manager** Version: **1.8.7.0** Thu, Jan 7th, 2021 User: **LOPEZ Facility 4329431 - Ward County Tx**    Home | Logout

## Search Facility Form table

# Grievance    New Message | Change State | Escalate | Search All Messages | Return To Search

Print

**Profile Photo**

| **Offender Info** | |
|---|---|
| Inmate: | Kraisheion Mcafee |
| Inmate PIN: | 23494 |
| Submitted Date: | 2019-09-10 18:46:37 |
| Submitted From Location/Room: | |
| Current Location/Room: | 2D |
| Facility: | Ward County Tx (4329431) |

| **Form Info** | |
|---|---|
| Form: | Grievance |
| Form ID: | 411 |

**Audit Photo**

| **Form Info** | |
|---|---|
| Status: | Resolved without Appeal **By** |
| Escalation Level: | 0 |
| Offender Can Appeal: | No |
| Assigned To: | |
| Assigned Date: | |

**Summary of Form:**

**1) Violation of Civil Rights:**

**2) Criminal Act:**

**3) Unjust Denial of Restriction of Inmate Priveleges:**

will, the other day i was pulled out by jeff to cut a trustee's hair after i got done ms.gains told me a deputy needed a trustee when we got to the picket the girl in the picket said she needed some ice and ms. gains told her that she could have gotten it for her ms.gains then turned to me and said i could go back to laundry jeff came in and said he had to roll me because i winked at the girl in the picket i asked him to call ms. gains because it was not true ms. gains told him that i did not wink or even say any thing to her miss gains is my witness to the situation i feel like its only happening like this because im a black man honestly i expected this kind of treatment but i am really upset because i do a very good job in the kitchen i dont know why people have a problem with me but i just want to clear my name because that is an out right lie and i feel like i shouldnt have been fired when i did nothing wrong miss gains will tell you exactly what happend please clear my name i know now how it is here but i dont want that to be the reason i would prefer the truth.

**4) Prohibited Act by Facility Staff:**

**Date and time of Action:**

**Nature or Description of the problem:**

| DATE/TIME | SENDER | TAGGED USER | IS INTERNAL | ESCALATED | MESSAGE |
|---|---|---|---|---|---|
| 2021-01-07 16:21:56 | Emily Lopez (LOPEZ) | | Internal Note | | Emily Lopez (LOPEZ) reviewed form |

# EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| KRAI SHEION MCAFEE | § | |
| | § | |
| vs. | § | NO: 7:20-cv-240-DC-RCG |
| | § | |
| MERA SMITH, BROCK FRANCO, WILL | § | |
| PICKMAN | § | |

## AFFIDAVIT OF FRARIN VALLE

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF WARD | § |

Before me, the undersigned notary, on this day personally appeared Frarin Valle, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1.  "My name is Frarin Valle. I am of sound mind, over the age of 18, and competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. I have personal knowledge, or I acquired personal knowledge, of the fact in this affidavit in the course of my employment and by virtue of my duties and responsibilities.

2.  "In March and April of 2019, I was employed as a Patrol and Administration Lieutenant for the Ward County Jail. I am currently the Ward County Sheriff. The Ward County Sheriff's Office is responsible for the operation and administration of the Ward County Jail.

3.  "In the course of my employment and by virtue of my duties and responsibilities, I have access to and am familiar with the manner in which the Ward County Jail's records—including without limitation inmate booking information, incident reports, and grievance records—are created and maintained. It is the regular practice of Ward County to make these kinds of records at or near the time of each act, event, condition, opinion, or diagnosis set forth in the record; and such records are made by, or from information transmitted by, persons with personal knowledge of the matters set forth. All such records are kept in the course of the regularly conducted activities of the Ward County Jail.

4.  "In February or March 2019, the Ward County Jail had kiosks installed in each holding tank under a contact with City TeleCoin, Inc. All inmates were taught how to use the kiosks upon installation. The Ward County Jail still utilizes these same kiosks. The kiosks provide communication and record-keeping technology for the Ward County Jail personnel and its inmates. The kiosks provide inmates a forum for messages, commissary, facility forms, calling cards, video calls, medical messaging, and law library access. One of the facility forms provided on the kiosks for inmate use is a grievance form. Upon installation, the Ward County Jail immediately began using the

kiosks and implemented the electronic grievance procedure, including the appeals process to the sheriff, well before its ultimate formal approval by the Texas Commission on Jail Standards in February 2020. These new systems were fully in place at the time of the incident that is the subject matter of this lawsuit. And in addition to the Jail's immediate adoption of the electronic grievance system, Jail administration continued to accept hand-written grievances upon request. Prior to the electronic grievance procedure, it was the inmate's duty to request a grievance form and submit a grievance in writing. After the adoption of the electronic grievance procedure, it was the inmate's responsibility to take the initiative to file a grievance, at any time, using the kiosk in each inmate's holding tank, and inmates may continue to request a paper form in the event a kiosk is not working.

5.  Therefore here, the particular administrative remedies available to the Plaintiff in April 2019 are these remedies just described:

    a.  Plaintiff McAfee was entitled to file a grievance regarding (1) violations of civil rights, (2) criminal acts, (3) unjust denial or restriction of inmate privileges, and (4) prohibits acts by facility staff.

    b.  Plaintiff McAfee was required to file a grievance in writing using the kiosk, but Jail staff also accepted a handwritten grievance upon request.

    c.  Upon the filing of any grievance, the grievance officer would have been under a duty to investigate the claim and respond within 15 days, whose decision would have been appealable to the sheriff.

    d.  If a grievance has merit, any number of resolutions would be available to address the grievance, including without limitation restoration of inmate privileges and disciplinary action against facility staff up to and including termination or criminal charges as applicable.

6.  "None of the grievances filed by Plaintiff were ever left unresolved.

7.  "The kiosks were operational the entire time Plaintiff was incarcerated at the Ward County Jail, and he never requested a hand-written grievance form."


_F. Valle_
FRARIN VALLE


SWORN TO and SUBSCRIBED before me by Frarin Valle on ___June 15___, 2021.

_Christy Pena_
NOTARY PUBLIC, STATE OF TEXAS

CHRISTY PENA
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP 09/18/24
NOTARY ID 12628864-9